499 So.2d 45 (1986)
TELEFLEX, INC. and Wausau Insurance Companies, Appellants,
v.
Vada ARNDTS, Appellee.
No. BL-95.
District Court of Appeal of Florida, First District.
December 22, 1986.
Janet Jaspers of Matusek, Ogden, McKnight & Hudson, P.A., St. Petersburg, for appellants.
E. Douglas Spangler, Jr., Sarasota, for appellee.
PER CURIAM.
This cause is before us on appeal from a workers' compensation order finding claimant suffered a compensable accident in the course and scope of her employment in February of 1982, awarding temporary total disability (TTD) benefits from December 7, 1984 to December 31, 1985, and awarding medical care.
We reverse the deputy's determination that the 1982 accident was the cause of claimant's injury and remand to the deputy to reconsider the question regarding the cause of claimant's injury. Accordingly, the question of whether there is competent and substantial evidence to support the award of TTD benefits is moot.[1]
Claimant, a 55-year-old female with an eighth grade education, injured her back in a work-related accident on September 20, 1979 while lifting a 47-pound box. In February of 1982, claimant testified the "same thing" happened when she lifted a stack of wooden trays at the employer's place of business.
Dr. Kauffman testified in part that claimant's sequence of pain and progressive physical deterioration over the past few years started from the 1979 industrial accident and was therefore related as to *46 cause and effect. Dr. Miller, an orthopedic surgeon, opined that claimant had a congenital back problem with degenerative arthritis that was made clinically evident by the 1979 injury. However, Dr. Padar, an orthopedic surgeon, opined that claimant's present condition was caused by a natural degeneration of the disc and not by an injury.
In Vero Beach Care Center v. Ricks, 476 So.2d 262, 264 (Fla. 1st DCA 1985), this court recognized the rule which requires medical evidence to support a finding of causation and stated: "[L]ay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable."
Here, claimant's back injury was not readily observable and thus was not susceptible to evaluation by lay persons.
A review of the record reflects that the medical evidence does not support the conclusion that claimant's current medical problems are causally related to the 1982 incident; however the medical evidence would support a finding that claimant's condition is related to the 1979 accident. Both Drs. Miller and Kauffman opined that claimant's condition was related to the 1979 accident.
Accordingly, we remand for the deputy to reconsider the question of causation in view of the foregoing and award claimant medical treatment and average weekly wage as would be appropriate.
BOOTH, C.J., and MILLS, J., concur.
WENTWORTH, J., dissents with written opinion.
WENTWORTH, Judge.
I would affirm because I think there was evidence before the deputy, expert and otherwise, sufficient to sustain his conclusion that the later accident contributed causally to the temporary disability claim, even assuming (without deciding) that a contrary conclusion may be dictated as to permanent disability.
NOTES
[1] However, we note after reviewing the record, that if a causal connection had been established there was competent and substantial evidence to support the award of temporary total disability benefits.