601 So.2d 624 (1992)
HILLSBOROUGH COUNTY SCHOOL BOARD, et al., Appellants,
v.
Sharon WILLIAMS, Appellee.
No. 91-1955.
District Court of Appeal of Florida, First District.
June 25, 1992.
Stephen M. Barbas and Kelly Barcia Nunez, of Barbas, Weed, Glenn & Morgan, Tampa, for appellants.
*625 William H. Yanger, Jr., of Yanger & Yanger, Tampa, for appellee.
WIGGINTON, Judge.
The workers' compensation order under review was entered on remand from this court for determination of whether claimant suffered from an idiopathic condition. See Hillsborough County School Board v. Williams, 565 So.2d 852 (Fla. 1st DCA 1990). Following a short hearing, the judge of compensation claims entered an order finding that claimant in fact suffered from an idiopathic condition by way of a preexisting bulging at the L5-S1 level, which was degenerative in nature. He also found that claimant's act of picking up a piece of paper, while cleaning the school bus she drove, was not an exertion or strain beyond that which a person would normally encounter in his or her everyday life. Nonetheless, the JCC went on to find that because this was one of claimant's employment duties, to wit: monitor and provide for a clean and safe bus interior, the incident caused claimant to suffer an aggravation of a preexisting condition while executing the duty. Thus, the JCC found the accident and resulting injury compensable and awarded corresponding benefits.
On appeal, the employer/carrier argue that the JCC erred in finding claimant's back injury to be compensable when he also found that she suffered from an idiopathic condition and that the injury did not result from an exertion or strain beyond that which she normally would encounter in her non-working life. As support, the E/C point to a "universal principle" of workers' compensation law that "an idiopathic condition which results in injury to the worker does not `arise out of' employment unless the employment in some way contributes to the risk or aggravates the injury." See Southern Bell Telephone And Telegraph Company v. McCook, 355 So.2d 1166, 1168 (Fla. 1978) [footnote omitted]. We agree with the E/C's position and hold that since the JCC found that claimant essentially suffered injury solely as a result of a normal movement, his further finding that there was an aggravation of a preexisting condition causally connected to her employment is inconsistent and constitutes reversible error. See Baker Mobiles of Florida v. O'Neil, 412 So.2d 34 (Fla. 1st DCA 1982). Consequently, the order finding compensability and awarding benefits is hereby REVERSED.
ERVIN and KAHN, JJ., concur.