667 So.2d 275 (1995)
HERNANDO COUNTY SCHOOL BOARD and Gallagher Bassett Services, Appellants,
v.
Randy DOKOUPIL, Appellee.
No. 94-3454.
District Court of Appeal of Florida, First District.
September 13, 1995.
Michael D. Rouse and Mathew D. Staver of Staver & Associates, Orlando, for appellants.
James M. Callan, Jr., Clearwater; and Gus Vincent Soto, Tallahassee, for amicus curiae/Academy of Florida Trial Lawyers, for appellee.
DAVIS, Judge.
Hernando County School Board and Gallagher Bassett Services, employer and carrier respectively ("e/c"), appeal an order finding that the injuries sustained by claimant, Randy Dokoupil, when he fell in the parking lot at Springstead West High School on March 30, 1994, are compensable. Because the Judge of Compensation Claims ("JCC") applied the wrong test to determine compensability we reverse and remand for further proceedings consistent with this opinion.
The claimant was employed in 1989 by the Hernando County School Board to work as a substitute teacher. He was suffering from anorexia, liver disease, and osteoporosis before his 1994 accident. On March 30, 1994, he arrived at Springstead West High School to substitute for Ms. Rojero. He arrived before classes began for the day and signed in. He then learned that his first period was a planning period in Ms. Rojero's schedule and went to her classroom and picked up the grade/attendance book, worksheets, instructions and a seating chart. Realizing he had forgotten his glasses, pens, pencils and hall passes in his car, the claimant returned to his car. He took the papers obtained from Ms. Rojero's classroom with him. The claimant smoked a cigarette while sitting in his car, after which he took all of the materials and items he had gone to obtain and started back to the school. Loose papers from the attendance book fell out. While bending over to pick them up, he lost his balance and fell onto his right side. He was unable to rise without assistance, and someone helped him up. He walked another forty feet before he slid to the ground unable to walk any longer. He was found curled up in a fetal position, incoherent and in a great deal of pain. Claimant had a broken hip. He was treated by Dr. Springstead, who had treated him four years previously when his other hip had been broken after a fall at home.
The JCC found that the fall was "trivial" and that the major contributing cause of *276 claimant's injury was his preexisting osteoporosis. He found that the hip possibly would have fractured idiopathically sometime in the near future. Nonetheless, the JCC awarded benefits after reasoning that "but for" the fact that the claimant fell, he would not have been injured in the manner and at the particular time that he was hurt. The test the JCC applied appears similar to what has been described as the "positional risk test." See Wuesthoff Memorial Hospital v. Hurlbert, 548 So.2d 771, 773 n. 3 (Fla. 1st DCA 1989) ("A growing group of jurisdictions has adopted the positional-risk test, under which an injury is compensable if it would not have happened but for the fact that the conditions or obligations of the employment put the claimant in the position where he was injured.").
That is not an accurate statement of the applicable test in the present case. The test for compensability is whether the injury arose out of, and in the course and scope of, the claimant's employment. When, as here, the claimant's injuries were caused or aggravated by the fact that he has a preexisting or idiopathic condition, the proper test for whether the injury arose out of the employment is whether the employment itself created the hazard of the risk. "The employment must, in some way, contribute an `increased risk' of injury peculiar to that employment; otherwise, the statutory requirement that the injury `arise out of employment' would be eliminated. Thus, the mere occurrence of an injury at work, without more, is not enough to establish compensability." Grenon v. City of Palm Harbor Fire Dist., 634 So.2d 697, 699 (Fla. 1st DCA), review denied mem., 649 So.2d 233 (Fla. 1994). This case is similar to Hillsborough County School Board v. Williams, 601 So.2d 624 (Fla. 1st DCA 1992). This court therein reversed an award of benefits despite the fact that the claimant was engaged in one of her employment duties when injured. The claimant was a bus driver who was responsible for keeping the bus clean. She bent over to pick up a piece of paper and was injured when a preexisting bulging disc was aggravated. Her injuries were incurred as a direct result of a preexisting idiopathic condition. This court held that the JCC erred in finding compensable the injuries which were not caused by an increased hazard in the workplace and as such did not arise out of the claimant's employment.
Osteoporosis is such a preexisting idiopathic condition. See Baker Mobiles of Florida v. O'Neil, 412 So.2d 34 (Fla. 1st DCA 1982). When there is a preexisting idiopathic condition like the claimant's osteoporosis, the work performed must create an increased hazard of injury to the claimant. See Metropolitan Dade County v. Russell, 637 So.2d 69, 70 (Fla. 1st DCA 1994) ("If the JCC finds that Claimant has an idiopathic condition, then before the causal connection can be found and the work injury deemed compensable, the JCC specifically must find also that Claimant demonstrated that the injury resulted from an effort, exertion, risk, or strain beyond that which is normally encountered in Claimant's non-employment life."). In Leon County School Board v. Grimes, 548 So.2d 205, 206 (Fla. 1989) the Florida Supreme Court expressly rejected any argument that all injuries to employees which take place on an employer's premises are compensable. The Court explained that the applicable test for whether an injury "arises out of" one's employment is whether that employment created an increased hazard of the injury.
In this case the claimant suffered a "trivial" fall and the JCC made no finding that anything about the conditions of the claimant's employment created an increased hazard of such a fall or of the injuries which he sustained in the fall. The JCC appears to have erroneously found that even if the fall fortuitously occurred on the property of the employer the injuries were compensable, because the fact that the employee was engaged in job duties when he fell requires the conclusion that the injury arose out of his employment. As was explained in Foxworth v. Florida Industrial Commission, 86 So.2d 147, 151 (Fla. 1955) a fall onto a dangerous object such as a sawhorse, hot stove, machine or fire is compensable. A fall from some height is compensable. When the fall is onto a level surface, compensability is justified when the surface itself is an unusual hazard, such as a hard concrete floor. However, the court stated, if all falls onto all surfaces were *277 compensable, the statutory requirement that the injury arise out of the employment would be completely eradicated. Id. The fact that the claimant was in the course and scope of his employment when he fell is insufficient; there must be some finding that the employment created an increased risk of the fall itself or of the injuries which resulted.
On remand, the JCC must determine whether the claimant's conditions of employment created an increased risk of the injuries he sustained. In doing so, the JCC must resolve the apparent conflict between his finding that the major contributing cause of the claimant's injuries was his osteoporosis and the test now required by section 440.02(32), Florida Statutes (Supp. 1994), which provides:
"Arising out of" pertains to occupational causation. An accidental injury or death arises out of employment if work performed in the course and scope of employment is the major contributing cause of the injury or death.
Accordingly, the order awarding benefits is REVERSED and REMANDED for further proceedings.
BARFIELD and KAHN, JJ., concur.