680 So.2d 466 (1996)
Rose VIGLIOTTI, Appellant,
v.
K-MART CORPORATION and KM Administrative Service, Appellees.
No. 95-1795.
District Court of Appeal of Florida, First District.
March 13, 1996.
*467 Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellant.
Robert L. Teitler of Walton, Lantaff, Schroeder & Carson, Miami, for appellees.
KAHN, Judge.
In this workers' compensation case, Rose Vigliotti seeks review of an order denying compensability for her injury. Vigliotti worked as a door greeter for the employer, K-mart Corporation. On June 20, 1994, after she clocked out, but before she left the K-mart store, Vigliotti slipped on something on the floor and fell, injuring her left wrist and left hip. At the time of her fall, Vigliotti was walking toward the front of the store on the path designated by the employer for employees to use on their way in and out of the store.
Vigliotti sought payment for medical bills incurred as a result of her accident as well as indemnity benefits. The employer and carrier, KM Administrative Service, controverted the claim, and a hearing took place before the Judge of Compensation Claims (JCC). In the order entered April 18, 1995, the JCC construed section 440.02(32), Florida Statutes (Supp.1994), a new statute defining "arising out of," and denied the claim based on his determination that Vigliotti was not performing work at the time of her accident. Because the JCC misapplied the statute, we reverse and remand for further proceedings.
Section 440.02(32), Florida Statutes (Supp. 1994), provides:
"Arising out of pertains to occupational causation. An accidental injury or death arises out of employment if work performed in the course and scope of employment is the major contributing cause of the injury or death.
Appellees assert that the language of this new statutory definition is clear and the Legislature intended to narrow the scope of compensable injuries by now requiring some significant causal link between an employee's actual work function and the injury, i.e., the "work performed" must be the "major contributing cause" of the injury. Accordingly, appellees maintain that because Vigliotti was not literally performing work at the time of her fall, her injury did not arise out of her employment. The parties recognize, as did the JCC, that this construction would result in claimants, such as Vigliotti, bringing suit in tort against their employers for injuries they have suffered during working hours, while they are on the employers' premises, but when they are not literally performing work. We see nothing, however, in the extensive revisions to the Workers' Compensation Law to indicate the Legislature intended to broaden tort liability of employers in this fashion as a solution to the workers' compensation crisis. See, e.g., § 440.015, Fla.Stat. (Supp.1994).
We have considered carefully K-Mart's contention that the phrase "work performed" must be construed to include only actual performance of primary job duties by an employee. As previously noted, this construction would broaden the potential tort liability for every employer in Florida. Moreover, this construction would contravene the legislative intent to ensure the prompt delivery of benefits to the injured worker by an efficient and self-executing system. § 440.015, Fla.Stat. Indeed, K-Mart's construction would lead to expensive and time consuming judicial inquiry in a broad range of cases that are now undoubtedly handled administratively without the intervention of attorneys. Scenarios discussed in the briefs and at oral argument included a roofer injured while climbing down a ladder at the end of his shift and a clerical worker injured while taking a restroom break. Under K-Mart's view, employers would be completely free to argue in such cases that work performed did not contribute to the injury, and hearings would then be required on this issue. Such a procedure would be neither efficient nor self-executing.
Although the statute does include the "major contributing cause" language, it specifies that "work performed in the course and scope of employment" must constitute the major contributing cause of the accident or injury. Thus, under the new statutory definition, *468 for an accident or injury to arise out of a claimant's employment, two elements must exist:
(1) the claimant must have been performing work in the course and scope of employment at the time of the accident or injury; and
(2) the work performed in the course and scope of employment must constitute the major contributing cause of the claimant's accident or injury.
If both elements are present, then the accident or injury arose out of the claimant's employment, referring, as the new statutory definition indicates, to occupational causation. See § 440.02(32) Fla.Stat.; see also § 440.09(1), Fla.Stat. (Supp.1994).
Regarding the first element, the inclusion of the language "in the course and scope of employment" in the statutory definition is significant. Because that phrase is not separately defined in chapter 440, cases construing "in the course and scope of employment" prove instructive. In particular, this court has previously explained the relationship between the phrases "arising out of and "in the course of":
The statutory phrases "arising out of and "in the course of employment are used conjunctively. The phrase "arising out of refers to the origin of the cause of the accident, while the phrase "in the course of employment" refers to the time, place and circumstances under which the accident occurs. In practice, both are part of a single test, such that the strength of one element may cure the weakness of the other. To be compensable, an injury must arise out of employment in the sense of causation and be in the course of employment in the sense of continuity of time, space, and circumstances.
Grenon v. City of Palm Harbor Fire Dist., 634 So.2d 697, 699 (Fla. 1st DCA), review denied, 649 So.2d 233 (Fla.1994). Thus, the new statutory definition for "arising out of" appears to incorporate these concepts, establishing "in the course and scope of employment," i.e., time, space, and circumstances, as an element of occupational causation. Additionally, as appellant points out, the Legislature did not change the definition of "employment" or "injury." Compare § 440.02(15)(a), (17), Fla.Stat. (Supp.1994), with § 440.02(15)(a), (17), Fla.Stat. (1993). Nor did the Legislature significantly change the definition of "accident," at least for the purposes of this analysis. Compare § 440.02(1), Fla.Stat. (Supp.1994) with § 440.02(1), Fla. Stat. (1993). Therefore, by including "in the course and scope of employment" in the definition of "arising out of," the Legislature presumably did not intend to change prior case law concerning the phrase "in the course and scope of employment"; rather, the Legislature has simply combined the two phrases, one as part of the definition of the other.
As to the second statutory element, by specifying that a claimant's employment must constitute a "major" contributing cause, the Legislature clearly intended to alter prior case law construing the phrase "arising out of." Indeed, prior to the enactment of the statutory definition, in the absence of an idiopathic or preexisting condition, a claimant's employment had to constitute only a contributing, competent, precipitating, or accelerating cause of the accident or injury. Fincannon v. Eastern Airlines, 611 So.2d 28, 30 (Fla. 1st DCA 1992); Turner v. G. Pierce Wood Memorial Hosp., 600 So.2d 1153, 1156 (Fla. 1st DCA 1992). If the claimant had an idiopathic or a preexisting condition, then for the injury to be compensable, the employment had to expose the claimant "to conditions that would substantially contribute to the risk of injury and to which the claimant would not normally be exposed during his nonemployment life." Acker v. Charles R. Burklew Constr., 654 So.2d 1211, 1212 (Fla. 1st DCA 1995); see Hernando County Sch. Bd. v. Dokoupil, 667 So.2d 275 (Fla. 1st DCA 1995); Hillsborough County Sch. Bd. v. Williams, 601 So.2d 624, 625 (Fla. 1st DCA 1992). With the enactment of the new statutory definition, however, a claimant must now show that the employment constitutes a major contributing cause of the accident or injury. The court addressed this very point in Dokoupil, 667 So.2d 275.
Applying the foregoing analysis to the facts of this case as found by the JCC, Vigliotti suffered an injury in the course and *469 scope of her employment with K-mart when she slipped and fell on an item on the floor on her way out of the store after the end of her shift. This court has previously explained the rule, known as the premises rule, which applies to accidents such as this one:
[A]n injury is deemed to have occurred in the course and scope of employment if it is sustained by a worker, on the employer's premises, while preparing to begin a day's work or while doing other acts which are preparatory or incidental to performance of his or her duties, and which are reasonably necessary for such purpose.
Doctor's Business Serv., Inc. v. Clark, 498 So.2d 659, 662 (Fla. 1st DCA 1986), review denied, 506 So.2d 1041 (Fla.1987); accord Security Bureau, Inc. v. Alvarez, 654 So.2d 1024, 1025 (Fla. 1st DCA 1995). The first element of the "arising out of" definition is satisfied here.
Because the JCC did not adequately address whether the claimant's employment constituted a major contributing cause of her injury, we decline appellant's invitation to reach this issue on this appeal. Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.
BARFIELD and DAVIS, JJ., concur.