PER CURIAM.
Altagracia DePozo appeals from an order in which the judge of compensation claims denied her claim for payment by Shawnee Resort and Crawford and Company of bills for unauthorized and unrequested non-emergency medical evaluations, denied authorization for further treatment at a pain clinic, denied any attendant care from July 27,1995 to April 26, 1996, denied more than eight hours of attendant care per day thereafter, and denied payment for treatment for Ms. DePozo’s periodontal disease. We reverse the judge of compensation claims’ denial of payment for Ms. DePozo’s periodontal disease, but otherwise affirm.
The unrefuted record evidence was that Ms. DePozo’s dental condition was caused by a lack of oral hygiene, which was caused, at least in part, by depression attributable to her accident at work. In his order, the judge of compensation claims found that
claimant’s periodontal disease stems from her lack of oral hygiene.... I further find that although claimant’s depression *151 contributed to her not brushing her teeth, to find the Employer/Servicing Agent' responsible for the dental care would make the Employer/Servicing Agent liable beyond any scope considered by the Legislature. Notwithstanding the opinion of neu-ropsyehologist Dr. Herrera, I find the [causal] relationship too tenuous.
Having found a causal relationship, the JCC erred in determining that Ms. DePozo’s periodontal disease was not compensable.
Since Ms. DePozo was injured in 1991, the “major contributing cause” standard does not apply to her claim. All that she was required to show was that her periodontal condition was caused, at least in part, by her work related accident.
A claimant seeking workers’ compensation benefits is not required to show her com-pensable injury was the sole cause of her disability. So long as claimant’s impairment can be found to be a contributing factor, benefits are appropriate....
... It is well established that not only is the original injury compensable, but so is all the sequela of the injury.
Fincannon v. Eastern Airlines, 611 So.2d 28, 30 (Fla. 1st DCA 1992). See also Estate of Jenkins v. Recchi Am., 658 So.2d 157 (Fla. 1st DCA 1995)(holding that suicide causally related to depression, which depression was causally related to the accident suffered at work, was compensable).
The judge of compensation claims’ denial of medical treatment for Ms. DePozo’s periodontal condition is therefore reversed. The order appealed from is affirmed in all other respects.
BARFIELD, C.J., and ERVIN and BENTON, JJ., concur.