710 So.2d 998 (1998)
ORANGE COUNTY MIS DEPARTMENT and Johns Eastern Company, Inc., Appellants,
v.
Margaret L. HAK, Appellee.
No. 97-1870.
District Court of Appeal of Florida, First District.
April 22, 1998.
W. James Condry and Raymond L. Pott of Broussard, Condry & Morgan, Orlando, for Appellants.
Lawrence L. Lidfeldt, Maitland, for Appellee.
VAN NORTWICK, Judge.
In this workers' compensation case, Orange County MIS Department and Johns Eastern Company, Inc., the employer/carrier, appeal an order of the Judge of Compensation Claims (JCC) which found that claimant/appellee, Margaret L. Hak had suffered a compensable injury when she aggravated a pre-existing degenerative disc condition while running in the rain in high-heel shoes with documents clutched to her chest. The employer/carrier argues that the JCC erred in finding that the subject incident at claimant's workplace injury was the major contributing cause to the claimant's injury when the sole medical testimony is to the contrary. We agree and reverse.
Under the applicable statute, the claimant is required to show that the work performed in the course and scope of employment is "the major contributing cause" of the injury. See Hernando County School Board v. Dokoupil, 667 So.2d 275 (Fla. 1st DCA 1995). Section 440.02(32), Florida Statutes (Supp.1994), provides:
"Arising out of" pertains to occupational causation. An accidental death or injury arises out of employment if work performed in the course and scope of employment is the major contributing cause of the injury or death.
(Emphasis added). Similarly, section 440.09(1)(b), Florida Statutes (Supp.1994), provides:

*999 If an injury arising out of and the course of employment combines with a preexisting disease or condition to cause or prolong disability or need for treatment, the employer must pay compensation or benefits... only to the extent that the injury arising out of and in the course of employment is and remains the major contributing cause of the disability or need for treatment.
(Emphasis added). As this court has recognized, the 1994 amendments to the workers' compensation law changed the prior case law definition of "arising out of" as used in chapter 440. Vigliotti v. K-mart Corp., 680 So.2d 466, 468 (Fla. 1st DCA 1996). Prior to the enactment of the current statutory definition:
in the absence of an idiopathic or preexisting condition, a claimant's employment had to constitute only a contributing, competent, precipitating, or accelerating cause of the accident or injury. If the claimant had an idiopathic or a preexisting condition, then for the injury to be compensable, the employment had to expose the claimant to conditions that would substantially contribute to the risk of injury and to which the claimant would not normally be exposed during his nonemployment life.
Id. (citations omitted); see also Mangold v. Rainforest Golf Sports Center, 675 So.2d 639, 641-642 (Fla. 1st DCA 1996).
Significantly, sections 440.09(1) and 440.02(32) use the definite article "the," and not "a," before the term "major contributing cause." By such usage, the legislature is recognizing that there may be numerous contributing causes leading to an injury or disability, but that the claimant must establish that the employment occurrence is the most preponderant cause of the injury.[1]
The only medical expert below testified that the claimant's running in high-heel shoes was not the major contributing cause to the pain and other symptoms experienced in the claimant's back. The medical expert explained that the claimant has suffered from a pre-existing degenerative disc disease and succinctly stated that "I feel that the major contributing cause was the fact that this patient has had a degenerative disc disease in the past and has documented prior problems [with her back]."
Back injuries, as soft tissue injuries which are not readily observable, require medical evidence to establish causation. Teleflex, Inc. v. Arndts, 499 So.2d 45 (Fla. 1st DCA 1986). The claimant's lay testimony about the major contributing cause of her back condition is not competent evidence taken alone. In short, we conclude that the JCC's finding of major contributing cause is not supported by competent, substantial evidence.
REVERSED and REMANDED for proceedings consistent with this opinion.
BENTON AND PADOVANO, JJ., concur.
NOTES
[1] Section 440.015, Florida Statutes (1994 Supp.), provides in pertinent part: "Legislative intent.-... the laws pertaining to workers' compensation are to be construed in accordance with the basic principles of statutory construction and not liberally in favor of either employee of employer." It is a well-established rule of statutory construction that words are to be given their ordinary meaning unless otherwise defined in the statute at issue. See Citizens of the State v. Public Serv. Comm'n, 425 So.2d 534 (Fla.1982).