PER CURIAM.
Before Ms. Billie Housand injured her back at work on August 14, 1996, she had extensive back problems. As recently as 1993 a back brace and Darvocet were prescribed, well before she began her work for Olsten Staffing Services. She had undergone back surgery more than once, the first time as early as 1969. Olsten Staffing Services and Helmsman Management Services argue on appeal that the judge of compensation claims erred in awarding permanent total disability benefits without finding whether Ms. Housand’s most recent industrial accident was the major contributing cause of her permanent total disability or need for further treatment.
We agree that this was error, and reverse and remand for the judge of compensation claims to determine whether Ms. Housand’s 1996 work injury was the major contributing cause of permanent total disability or need for further treatment. See Clay County Sch. Bd. v. Robison, — So.2d -, No. 97-4546 (Fla. 1st DCA Jan. 27, 1999) (reversing and remanding for findings on major contributing cause); Orange County MIS v. Hak, 710 So.2d 998, 998 (Fla. 1st DCA 1998) (holding that the claimant has the burden of proving her accident was the major contributing cause of her disability or need for treatment); Hernando County Sch. Bd. v. Dokoupil, 667 So.2d 275 (Fla. 1st DCA 1995). On remand, the parties may introduce additional evidence.
Reversed and remanded.
BENTON, VAN NORTWICK, and PADOVANO, JJ., CONCUR.