PER CURIAM.
Appellant-claimant, Lillie Haynes, essentially raises two issues on appeal. First, claimant contends that there is no competent, substantial evidence (CSE) to support the finding by the judge of compensations claims (JCC) that she had a syncopal episode, that is, fainted, rather than slipped on water, and that her fall was the result of that syncopal episode. Second, she contends that even if she did faint, the JCC erred in finding her injury was not compensable, because her employment exposed her to a risk of injury greater than that which she would have normally encountered in her nonemployment life. See and compare Foxworth v. Florida Indus. Comm’n, 86 So.2d 147, 151 (Fla.1955) (“It is well settled that injuries which arise out of risks or conditions personal to the claimant do not arise out of the employment unless the employment contributes to the risk or aggravates the injury.”); Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342 (Fla.1944) (awarding benefits in connection with an injury that occurred when the employee fell because of a heart condition onto a concrete floor while at work, fracturing his skull resulting in death).
We affirm as to the first issue, because there is CSE in the medical records that appellant suffered a syncopal episode, which resulted in the fall. As to the second issue, we decline to reach it because the issue was not properly preserved for appeal. Claimant did not present any claim or argument below to the effect that even if she suffered a syncopal episode, the injury was nonetheless compensable because the concrete floor upon which she fell, or the machine in which her leg was entangled, created an increased hazard that contributed to the risk or aggravated her injury.
AFFIRMED.
WEBSTER and BENTON, JJ., concur, ERVIN concurs and dissents with opinion.