KAHN, J.
This is a workers’ compensation action originally brought by Appellee David Golly, an employee of Appellant Duval County School Board. Mr. Golly suffered a severe closed head injury when he fell on a concrete walkway at Terry Parker High School in Jacksonville. The fall resulted from a medical condition not related to the workplace. In an extremely thorough and detailed compensation order, the Judge of Compensation Claims (JCC) found that, despite the idiopathic nature of the fall, because Mr. Golly suffered injuries from impact with a concrete walkway, the injuries must be compensable. The JCC reached his ruling by applying Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342 (1944), which held that a concrete floor was a special hazard of employment. We reverse. We affirm on the issue raised on cross-appeal because the JCC’s findings are supported by competent substantial evidence.
On March 3, 2000, Mr. Golly was employed as a teacher at Terry Parker *492 High School. While standing on a level concrete walkway during a planning period, Mr. Golly fell to the ground and sustained a severe closed head injury and broken left thigh. The medical testimony in the case concluded that Mr. Golly’s fall was due to a seizure and syncopal episode. The JCC found, and competent substantial evidence supports, that the seizure and syncopal episode resulted from alcohol withdrawal syndrome, unrelated to Mr. Golly’s employment as a high school teacher. Quite obviously, Mr. Golly’s serious injuries did not result simply because he lost consciousness. Instead, these injuries resulted from his impact with the concrete walkway. The question in this case is, thus, whether a workplace impact with a level concrete surface, following a fall precipitated by an idiopathic or pre-existing condition, is compensable as a matter of law. This question has to do with what has been called the increased or special hazard doctrine in Florida law. Because the JCC concluded, as a matter of law, that the concrete floor should be considered a special hazard of employment, we review this matter de novo. See Gilbreth v. Genesis Eldercare, 821 So.2d 1226, 1228 (Fla. 1st DCA 2002).
In Cline, the 67-year-old claimant suffered a fainting spell, apparently related to a heart problem, and fell, striking his head against a concrete floor causing a skull fracture and death. 16 So.2d at 343. The supreme court characterized the issue as whether “the injury arises out of and in the course of the employment.” Id. The court then described the public policy behind the Worker’s Compensation Act in 1944:
The purpose of the act is to shoulder on industry the expense incident to the hazards of industry; to lift from the public the burden to support those incapacitated by industry and to ultimately pass on to the consumers of the products of industry such expenses.
Id. The court built upon this pronouncement by observing, “In this critical war period, industry requires the services of the aged and infirm. The Compensation Law is based primarily on social responsibility of one to another.” Id. The court sustained recovery. Id. Importantly, the court characterized the appeal as “a border line case.” Id. Underlying the ruling is the court’s conclusion, apparently arrived at based upon its own knowledge, rather than evidence in the case, that although Mr. Cline might have fallen and sustained a fatal injury in his own house, such would be less likely had he remained “in the quiet of his own home, for without the physical exertion encountered in his work by a man of his age and physical condition, the chances of his falling were less likely.” Id.
In Foxworth v. Florida Industrial Commission, claimant, an employee of the Industrial Commission, blacked out, fell and struck a hotel lobby floor. 86 So.2d 147 (Fla.1955). The court examined the doctrine of increased hazard as applied to an idiopathic fall onto a level floor, and noted that area is “highly controversial.” Id. at 151. The court noted that, following Cline, Florida has “favored the more liberal view allowing recovery.” Id. Nevertheless, the court characterized the Cline facts as “the outer limits of the doctrine.” Id. “To extend the rule further would be to eradicate completely the statutory requirement that the injury must be ,one arising out of the employment. The employment in some manner must contribute an increased hazard peculiar to the employment.” Id. The court upheld the denial of benefits. Id. at 152.
In Lovett v. Gore Newspapers, the supreme court upheld recovery for a worker who, while working an overtime shift, felt *493 ill, and then fell to a “tiled concrete floor” aggravating a pre-existing back condition. 419 So.2d 306, 308 (Fla.1982). The supreme court allowed a recovery, applying the special hazard doctrine. Id. The court also noted, in a comment that we do not find extraneous, “petitioner was required to work two hours beyond her normal eight-hour shift despite her protestations that she was not feeling well.” Id. This factor, combined with the fall to a concrete floor, led the supreme court to conclude, “[I]t cannot fairly be said that petitioner would just as likely have sustained an injury such as the one that occurred if she had been in her own home.” Id.
In addition to relying upon the foregoing supreme court cases, appellee also relies upon our decision in Haynes v. World Color Press, 794 So.2d 674 (Fla. 1st DCA 2001). Claimant Haynes had a syncopal episode resulting in a fall, apparently, to a concrete floor, resulting also in the entanglement of her leg in a machine. Id. at 675. On appeal, Haynes argued that the JCC’s finding that the syncopal episode, rather than a slip on water, caused the fall was not supported by competent substantial evidence. Id. This court rejected that contention. Id. Haynes also argued that even if she had a syncopal episode, the JCC should have allowed compensation based upon the special hazard doctrine of Cline and Foxivorth. Id. This court found the second issue to be unpreserved and therefore did not reach it. Id. Here, ap-pellee Golly grasps upon the language used by the Haynes court to characterize the unpreserved argument. This court described the unpreserved allegation as an “increased hazard” posed by “the concrete floor upon which she fell, or the machine in which her leg was entangled.” Id.
This court, of course, continues to recognize the special or increased hazard doctrine. Discussing Foxworth, this court has noted, “When the fall is onto a level surface, compensability is justified when the surface itself is an unusual hazard, such as a hard concrete floor.” Hernando County Sch. Bd. v. Dokoupil, 667 So.2d 275, 276 (Fla. 1st DCA 1995). Although we observed in Dokoupil that a concrete floor had been previously held an unusual hazard, we directed that the JCC must now apply the major contributing cause test required by section 440.02(32), Florida Statutes (Supp.1994). Id. at 277. That statute provides:
“Arising out of’ pertains to occupational causation. An accidental injury or death arises out of employment if work performed in the course and scope of employment is the major contributing cause of the injury or death.
Our cases confirm that the present test is different from that used before the major statutory revision several years ago. “As this court has recognized, the 1994 amendments to the workers’ compensation law changed the prior case law definition of ‘arising out of as used in chapter 440.” Orange County MIS Dep’t v. Hak, 710 So.2d 998, 999 (Fla. 1st DCA 1998). We have characterized the pre-1994 law as follows:
In the absence of an idiopathic or preexisting condition, a claimant’s employment had to constitute only a contributing, competent, precipitating, or accelerating cause of the accident or injury. If the claimant had an idiopathic or preexisting condition, then for the injury to be compensable, the employment had to expose the claimant “to conditions that would substantially contribute to the risk of injury and to which the claimant would not normally be exposed during his nonemployment life.”
Vigliotti v. K-mart, 680 So.2d 466, 468 (Fla. 1st DCA 1996). Now, under the *494 terms of section 440.02(32), “the claimant must establish that the employment occurrence is the most preponderant canse of the injury.” Hak, 710 So.2d at 999. The statutory changes, as we have construed them, very strongly suggest that a claimant must now make a specialized, fact-based showing, in order to succeed under the increased hazard doctrine.
Applying the major contributing cause statute to the present case, we cannot say that a fall to a level concrete floor is automatically compensable, irrespective of the cause of the fall. The statute now directs the JCC to make a determination of whether work performed in the course and scope of employment is the major contributing cause of the injury. The supreme court in 1944 had no major contributing cause statute with which to contend. Moreover, the supreme court, in an admittedly “border line case,” applied a paternalistic public policy that is no longer justified under the Florida Workers’ Compensation Act. Cline, 16 So.2d at 343. As is now well known, the Legislature, upon amending the Workers’ Compensation Act in 1993, set out a legislative intent that differed from that which had prevailed earlier. See Ch. 93-415, Laws of Fla. Among other things, the Legislature stated:
It is the specific intent of the Legislature that workers’ compensation cases shall be decided on their merits.... In addition, it is the intent of the Legislature that the facts in a workers’ compensation case are not to be interpreted liberally in favor of either the rights of the injured worker or the rights of the employer.... [T]he laws pertaining to workers’ compensation are to be construed in accordance with the basic principles of statutory construction and not liberally in favor of either employee or employer.
§ 440.015, Fla Stat. (1999).
The JCC in the present ease did not make a particularized finding of special or increased hazard. Instead, the JCC felt constrained by Cline to find that the concrete surface was, as a matter of law, an increased hazard. This conclusion is clearly set out in paragraph 8 of the compensation order. The major contributing cause statute, as applied by this court in Dok-oupil, requires a particularized finding of “whether the claimant’s conditions of employment created an increased risk of the injuries he sustained.” 667 So.2d at 277.
Accordingly, we REVERSE the order on appeal, and REMAND for further proceedings consistent with this opinion. We AFFIRM the issue raised on cross-appeal.
BOOTH, J., concurs.
ERVIN, J., dissents with opinion.