PER CURIAM.
In this workers’ compensation appeal, Claimant argues the Judge of Compensation (JCC) erred in finding she failed to sustain her burden of proof under section 440.02(32), Florida Statutes (2009), regarding “occupational causation” of her left shoulder injury. For the reasons that follow, we agree and reverse the order denying benefits.
Claimant, a receptionist for the Employer, was requested to drop off a package for shipping at UPS and had placed it in her car in anticipation of doing so. When a UPS driver arrived at the Employer’s *943 place of business, Claimant left her desk, went to her car, retrieved the package, and gave it to the driver. As she was returning to her desk, she turned a corner in the hallway and, as found by the JCC, “ ‘felt her right foot slip’ from under her.” It is undisputed that Claimant sustained a left rotator cuff tear as a result of her fall and had no history of prior problems with her left shoulder. The JCC found that Claimant had no pre-existing conditions that may have caused the fall. Relying on Duval County School Board v. Golly, 867 So.2d 491 (Fla. 1st DCA 2004), and Hernando County v. Dokoupil, 667 So.2d 275 (Fla. 1st DCA 1995), the JCC denied com-pensability because “claimant’s accidental injury on the employer’s premises did not arise out of her employment because her work activity at the time of the incident was not the major contributing cause of her fall or injury.”
The JCC’s reliance on these cases was error; neither applies to the facts now before us, as both involved situations wherein the claimants had pre-existing conditions which contributed to the accident or the injury. In Golly, the fall itself was caused by a medical condition — seizure and syncopal episode — not related to the workplace. 867 So.2d at 491-92. In Dokoupil, the injury was caused by the claimant’s pre-existing osteoporosis. 667 So.2d at 275-76. As such, it was necessary for the Golly and Dokoupil claimants to establish that “the employment itself created the hazard of the risk.” Dokoupil, 667 So.2d at 276.
In the instant case, by contrast, because neither the accident nor the injury was in any way impacted by a pre-existing condition, Claimant’s burden to prove occupational causation was that as set out in our recent opinion in Caputo v. ABC Fine Wine & Spirits, 93 So.3d 1097 (Fla. 1st DCA 2012). We determined in Caputo that “in the absence of any evidence which could support a finding that there were competing causes of Claimant’s accidental injuries, the JCC erred in ruling that his injuries were not compensable.... [I]t is undisputed that the JCC found that Claimant had no pre-existing conditions which may have caused Claimant to fall. In the absence of competing causes of Claimant’s accident injuries, Claimant satisfied the major contributing cause requirement. ...” Id. at 1099. See also Lanham v. Dep’t of Envtl. Prot., 868 So.2d 561, 563 (Fla. 1st DCA 2004) (holding that if “there was only one cause of claimant’s injuries, rather than competing causes, claimant was not required to present additional evidence going to the issue of whether the work-related accident was the major contributing cause of the injuries.”).
Here, it was not disputed that Claimant was actively engaged in a work-related activity at the time of the accident. Thus, the only remaining question was whether that activity was the major contributing cause of the accident and resulting injury. Because there were no competing causes of the accident and injury, Claimant’s work activity was de facto the major cause. Consequently, the JCC erred in finding that Claimant failed to establish that work performed within her employment caused her left shoulder injury. Accordingly, the order denying compensability is REVERSED and REMANDED for further proceedings consistent with this opinion.
THOMAS, WETHERELL, and MARSTILLER, JJ., concur.