[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10839

Non-Argument Calendar

_____

BOBBY BAKER,

Plaintiff-Appellant,

*versus*

ASCEND PERFORMANCE MATERIALS

OPERATIONS, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cv-05786-MCR-HTC

_____

Before WILSON, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM

Plaintiff-Appellant Bobby Baker challenges the district court's ruling that his negligence claim against Defendant-Appellee Ascend Performance Materials Operations, LLC, his former employer, is barred by the exclusivity provision of the Florida Workers' Compensation Act (FWCA), Fla. Stat. § 440.11. Baker argues Ascend should not be shielded by "workers' compensation exclusivity immunity" because the defense conflicts with the position Ascend took in denying his petitions for workers' compensation benefits. After careful review, we affirm the district court's decision.

## I.

Baker worked for Ascend for almost twenty-six years. Due to his lung condition, Baker began a medical leave of absence beginning on November 9, 2020, and was later approved for long-term disability benefits. He was never medically cleared to return to work and Ascend terminated his employment on May 26, 2021. Baker previously used medical leave for his lung injuries in 2017 and 2018, but none of the medical documentation and paperwork

supporting his 2017, 2018, and 2020 requests for leave indicated that his condition was work-related.[1]

Baker first petitioned for workers' compensation benefits on August 3, 2021. The petition claimed he sustained a bilateral lung injury "due to repetitive exposure to nylon pellets and antistatic fiber particles and dust" while working at Ascend's manufacturing facility. The claimed date of last injurious exposure was November 15, 2020, while Baker's last day before his medical leave of absence was November 8, 2021. Baker's petition did not include documentation or evidence to support his claim, nor demonstrate the materials he was exposed to at Ascend's facility *could have* caused his lung injuries.

Ascend denied Baker's claim, providing the following response: "There is no evidence of any accident or injury arising out of the claimant's employment. The employer/carrier reserves the right to raise any and all defense which may be or become available." Ascend's insurance adjuster testified this decision was based on the background and timing of Baker's medical leave relative to his petition, the limited evidentiary support Baker provided, and the fact that no other employees had filed similar claims.

On April 6, 2022, Baker filed a negligence action in state court, alleging Ascend breached its duty to maintain a safe work environment and caused his lung injuries. Baker then moved to

---

[1] The parties stipulated to most of these facts and exhibits via email correspondence.

stay the workers' compensation proceeding pending the outcome of his civil claim. After that motion was denied, Baker voluntarily dismissed his worker's compensation petition, before the scheduled final hearing. Ascend timely removed to the Northern District of Florida based on diversity jurisdiction.

On November 14, 2022, while discovery was underway, Baker filed another petition for workers' compensation benefits. For a second time, Ascend denied the claim, because Baker "did not have prolonged exposure, there was no cumulative effect resulting in an injury and [Baker's] employment did not expose him to a greater risk than the average public." Ascend maintained: "The major contributing cause of [Baker]'s alleged symptoms, disability, and need for treatment is the result of his personal and/or pre-existing condition." For a second time, after Baker's request for stay was denied, he voluntarily dismissed his petition.

The district court granted Ascend's motion for summary judgment, agreeing that Ascend was immune from negligence liability because Baker's exclusive remedy was workers' compensation under the FWCA. The district court rejected Baker's argument that Ascend should be estopped from asserting this defense because: (1) Ascend's position in the negligence action was not inconsistent with its positions in the workers' compensation proceedings; and (2) Baker was not prejudiced by Ascend's positions. Baker timely appealed.

## II.

We review a district court's grant of summary judgment de novo. *Marbury v. Warden*, 936 F.3d 1227, 1232 (11th Cir. 2019) (per curiam). In doing so, "we view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). Summary judgment is proper when the evidence "presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." *Id.* (quotations omitted).

## III.

In this diversity case, we apply the substantive law of the forum state, Florida. *See James River Ins. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 n.1 (11th Cir. 2008). We must "decide the case the way it appears the state's highest court would." *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 (11th Cir. 2001) (quotations omitted). If there is no Florida Supreme Court decision on point, "we follow decisions by the intermediate appellate court of the state except where there is strong indication that the state supreme court would decide the matter differently." *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1086 (11th Cir. 2004).

Under the FWCA, workers' compensation is the exclusive remedy for employees who suffer an "accidental compensable injury or death arising out of work performed in the course and the scope of employment." Fla. Stat. §§ 440.09(1), 440.11. An employee seeking workers' compensation benefits must file a petition with

the Office of the Judges of Compensation Claims. *See* Fla. Stat. § 440.192. The claimant-employee bears the burden of proof to establish he is entitled to benefits. *See, e.g.*, *MBM Corp. v. Wilson*, 186 So. 3d 574, 576 (Fla. Dist. Ct. App. 2016) (per curiam). If an employer denies a petition, the employee may challenge the denial at an evidentiary hearing before an administrative judge. *See* Fla. Stat. § 440.25(4).

The "fundamental purpose" of the FWCA is "to provide benefits for work place injuries in place of common law remedies. *Taylor v. Sch. Bd. of Brevard Cnty.*, 888 So. 2d 1, 5 (Fla. 2004) (per curiam). In the FWCA's no-fault system, "the employee gives up a right to a common-law action for negligence in exchange for strict liability and the rapid recovery of benefits." *Turner v. PCR, Inc.*, 754 So. 2d 683, 686 (Fla. 2000). Employers are generally immune from liability in negligence suits brought by their employees. *Jones v. Martin Elecs., Inc.*, 932 So. 2d 1100, 1104 (Fla. 2006) (per curiam). But, where injuries do not occur within the course and scope of employment, "the employee is free to pursue his or her common law remedies." *Mena v. J.I.L. Const. Grp. Corp.*, 79 So. 3d 219, 222–23 (Fla. Dist. Ct. App. 2012) (quotations omitted).

Here, Baker alleges that he was exposed to the substances which caused his lung injury while he was working in Ascend's manufacturing facility. Workers' compensation is presumptively his exclusive recourse against his former employer for these injuries. *See* Fla. Stat. § 440.11(1); *Locke v. SunTrust Bank*, 484 F.3d 1343, 1347 (11th Cir. 2007). But Baker argues Ascend should be estopped

24-10839                Opinion of the Court                7

from raising workers' compensation exclusivity as an affirmative defense in his tort suit after it denied his petition for workers' compensation benefits.

An employer may be equitably estopped[2] from raising a workers' compensation exclusivity defense if the plaintiff can show: (1) the employer made a representation of material fact contrary to its later-asserted position; (2) the plaintiff relied on that representation; and (3) the plaintiff's reliance on the representation caused him to detrimentally change his position. *Specialty Emp. Leasing v. Davis*, 737 So. 2d 1170, 1172 (Fla. Dist. Ct. App. 1999) (quoting *Dep't of Revenue v. Anderson*, 403 So. 2d 397, 400 (Fla. 1981)). Florida courts have recognized that "an employer may be equitably estopped from raising a workers' compensation exclusivity defense if the employer denies the employee's claim by asserting that the injury did not occur in the course and scope of his or her employment." *McNair v. Dorsey*, 291 So. 3d 607, 609–10 (Fla. Dist. Ct. App. 2020) (quotation marks omitted).

Judicial estoppel is a narrow exception to workers' compensation exclusivity immunity, which Florida courts apply "with great caution." *Bottling Grp., LLC v. Bastien*, 390 So. 3d 177, 181–82 (Fla. Dist. Ct. App. 2024) (quotations omitted); *cf. Taylor*, 888 So. 2d

---

[2] The doctrine of estoppel is "firmly established in the jurisprudence of Florida." *Quality Shell Homes & Supply Co. v. Roley*, 186 So. 2d 837, 840–41 (Fla. Dist. Ct. App. 1966). Florida courts have defined "estoppel" as "the preclusion of a person from asserting a fact by previous conduct inconsistent therewith." *Coogler v. Rogers*, 7 So. 391, 394 (Fla. 1889).

at 5. Employers are not foreclosed from claiming immunity simply because they denied benefits or asserted a defense in the workers' compensation proceeding. *Gil v. Tenet Healthsystem N. Shore, Inc.*, 204 So. 3d 125, 127 (Fla. Dist. Ct. App. 2016). The employer must assert "clearly irreconcilable" positions in the two forums. *Ocean Reef Club, Inc. v. Wilczewski*, 99 So. 3d 1, 4 (Fla. Dist. Ct. App. 2012) (quotation marks omitted).

The analysis hinges on what reasons the employer gave for denying benefits.[3] *See, e.g.*, *Mena*, 79 So. 3d at 223. When the employer or carrier's denial is "absolutely clear on its face that the reason for denial is 'no accident in the course and scope of employment,' it is 'clearly irreconcilable' with the defense of tort immunity." *Ocean Reef Club, Inc.*, 99 So. 3d at 4 (alteration adopted). Employers cannot "claim that the employee doesn't belong in a compensation forum because the accident was not work-related, and then turn around and claim that the employee *must* be in a compensation forum because the accident *was* work-related." *McNair v. Dorsey*, 291 So. 3d 607, 611 (Fla. Dist. Ct. App. 2020).

---

[3] For example, employers have been estopped from claiming immunity after asserting: (1) the claimant was not their employee, *Coastal Masonry, Inc. v. Gutierrez*, 30 So. 3d 545, 548 (Fla. Dist. Ct. App. 2010); (2) the accident occurred after the employee clocked out and left the building for the day, *Byerley v. Citrus Publ'g, Inc.*, 725 So. 2d 1230, 1231 (Fla. Dist. Ct. App. 1999); or (3) the accident occurred "off premises." *Bottling Grp., LLC v. Bastien*, 390 So. 3d 177, 179 (Fla. Dist. Ct. App. 2024). But, in *McNair v. Dorsey*, the employer's position that "no compensable accident" had occurred *at all* was not inconsistent with its later position that any injury alleged *would have occurred* in the course and scope of employment. 291 So. 3d 607, 610 (Fla. Dist. Ct. App. 2020).

Employers *are* "entitled to litigate whether a compensable accident occurred in a compensation forum" without waiving immunity. *Id.* Although workers' compensation benefits are payable irrespective of fault, they are not payable irrespective of cause. *Normandy Ins. v. Bouayad*, 372 So. 3d 671, 680 (Fla. Dist. Ct. App. 2023). The FWCA provides a procedure to resolve evidentiary and causation disputes, *see* Fla. Stat. § 440.192, as part of its "comprehensive process for consideration of claims against employers relating to on-the-job injuries sustained by their employees," *Tractor Supply Co. v. Kent*, 966 So. 2d 978, 982 (Fla. Dist. Ct. App. 2017).

It is the employee's burden to establish a causal connection between the employment and the alleged injuries. *See Normandy Ins.*, 372 So. 3d at 677–78. Claimants must not only show they were "actively engaged in a work-related activity at the time of the accident," but that the "activity was the major contributing cause of the accident and resulting injury." *Walker v. Broadview Assisted Living*, 95 So. 3d 942, 943 (Fla. Dist. Ct. App. 2012) (per curiam). For "conditions that are not readily observable" establishment of a causal relationship "must be by medical evidence only." Fla. Stat. § 440.09(1). Until the claimant satisfies this burden, the employer has no obligation to produce evidence disproving the claim or supporting an affirmative defense. *City of Titusville v. Taylor*, 288 So. 3d 731, 736 (Fla. Dist. Ct. App. 2019).

Here, Baker claims he was injured due to exposure to airborne materials while he was working in Ascend's manufacturing facility. As the district court noted, Ascend's denials in the workers'

compensation forum were not the equivalent of saying his injuries did not occur while on the job. Ascend has never disputed it had an employment relationship with Baker, nor that any injury-causing exposure *would have occurred* while Baker was working at Ascend's manufacturing facility. Instead, Ascend raised evidentiary and causation issues which could be fairly and fully litigated in the workers' compensation proceedings.

Ascend's first denial stated that there was *"no evidence* of any accident or *injury arising out of* the claimant's employment." The FWCA specifies: "Arising out of" refers to "occupational causation." Fla. Stat. § 440.02 (4). "An accidental injury or death *arises out of* employment if work performed in the course and scope of employment is the major contributing cause of the injury or death." *Id.* The "mere occurrence of an injury at work" is not enough. *Strategic Mktg. Sys. v. Soranno*, 559 So. 2d 353, 354 (Fla. Dist. Ct. App. 1990) (citing *S. Bell Tel. & Tel. Co. v. McCook*, 355 So. 2d 1166 (Fla. 1977)). Regardless of the type of injury, "compensability always turns on whether the employment led to the risk—whether there was 'occupational causation.'" *Sedgwick CMS v. Valcourt-Williams*, 271 So. 3d 1133, 1136 (Fla. Dist. Ct. App. 2019).

Relevant here, an injury or disease caused by exposure to a toxic substance "is not an injury by accident arising out of the employment unless there is clear and convincing evidence establishing that exposure to the specific substance involved, at the levels to which the employee was exposed, can cause the injury or disease sustained by the employee." Fla. Stat. § 440.02(1). This heightened

causation standard, "cannot be satisfied with evidence that only minimal exposure to a toxic substance can cause harm and that it is possible the toxic substance was present on the work site." *City of Titusville*, 288 So. 3d at 736.

Ascend was entitled to contest whether Baker presented sufficient evidence to establish his injury "arose out of" his employment in a workers' compensation forum without waiving its tort immunity *Cf. Coca-Cola Enterprises, Inc. v. Montiel*, 985 So. 2d 19, 20–21 (Fla. Dist. Ct. App. 2008). It was neither ambiguous nor inconsistent for Ascend to assert there was "no evidence" showing "occupational causation" and later defend itself in his negligence suit by claiming that any injury-causing exposure *would have* been sustained in the course and scope of Baker's employment.

Without clear and convincing evidence connecting the work he performed for Ascend to his injuries, Baker's exposure injury, by definition, did not "arise out of employment." *see* Fla. Stat. § 440.02(1). Baker had, in fact, provided no evidence of "occupational causation." His petition for benefits did not include medical reports, documentation, or any other evidence demonstrating a causal link between Baker's lung condition and the particulates at Ascend's facility. Even in the process of requesting medical leave, Baker's documentation never stated his employment caused his condition. At most, Baker told Ascend's medical department his doctor thought it "might be," related to his work. Although they had no burden to disprove Baker's claims, Ascend's medical office

determined it was unclear the substances to which Baker was exposed even *could* have caused his lung injuries.

Ascend's second denial similarly, but more specifically disputed the cause of Baker's exposure injuries. It said, "The major contributing cause of [Baker's] alleged symptoms, disability and need for treatment is the result of his personal and/or pre-existing condition." Again, this denial does not assert that Baker was not Ascend's employee or that any exposure would have occurred outside the scope of employment. Ascend consistently took the position that Baker failed to establish that the nylon particles he was exposed to, at the levels to which he was exposed, *could have* caused his injuries, let alone that his exposure in the course and scope of his employment at Ascend's manufacturing facility was "the cause which is more than 50 percent responsible for the injury as compared to all other causes combined." Fla. Stat. § 440.09(1). These issues could have been resolved in a workers' compensation forum, where Baker could have presented evidence in not one, but two scheduled hearings. Instead, he voluntarily dismissed those petitions before those hearings took place.

Baker attempts to elude the clear language of the FWCA with a misguided attempt at statutory interpretation. He claims the district court erred in treating the requirements that a work-related injury "arise out of" and "occur in the course of" employment separately. He criticizes the district court's reliance on *Locke v. SunTrust Bank*, 484 F.3d 1343 (11th Cir. 2007) because it cites cases decided before the definition of "arising out of" was codified in 1994.

*See* Fla. Stat. § 440.02(4). In his view, if an employer denies that an injury "arises out of employment" they are denying both that the accident occurred within the course and scope of employment *and* that the accident was the major contributing cause of the injury.

Florida courts apply the phrases "arising out of" and "in the course of" conjunctively. *See, e.g.*, *Sentry Ins. v. Hamlin*, 69 So. 3d 1065, 1070 (Fla. Dist. Ct. App. 2011). For "decades" the Florida Supreme Court has recognized that claimants must "show that the accident or injury happened not only in the course of his employment but arose *out* of it." *Silberberg*, 335 So. 3d at 154 (internal quotations omitted and alteration adopted) (collecting Florida Supreme Court cases). The phrase "arising out of" refers to the origin of the cause of the accident, while the phrase "in the course of one's employment" refers to the time, place and circumstances under which the accident occurs. *Normandy Ins.*, 372 So. 3d at 677. "The requirements are distinct and are to be established separately." *Id.* n.1

The 1994 amendments did not alter this analysis. Under the new definition of "arising out of," the claimant must establish *both* that they were (1) performing work in the course and scope of employment at the time of the accident or injury; *and* (2) the work performed in the course and scope of employment was the major contributing cause of the accident or injury. *Vigliotti v. K-mart Corp.*, 680 So. 2d 466, 467–68 (Fla. Dist. Ct. App. 1996). While the new definition adopted "in the course and scope of employment" as an

element of occupational causation, it did not alter prior case law interpreting the phrase. *Id.* at 468.

Instead, the "course and scope of employment" continues to define the "work performed" that the injury must "arise out of." *Sentry Ins.*, 69 So. 3d at 1070. Injuries, "even those undoubtedly suffered in the course and scope of employment" are not compensable without demonstrating employment is also the major contributing cause. *Id.* Otherwise, "the statutory requirement that the injury 'arise out of employment' would be eliminated." *Hernando Cnty. Sch. Bd. v. Dokoupil*, 667 So. 2d 275, 276 (Fla. Dist. Ct. App. 1995).

As Ascend never disputed that the "time, place and circumstances" of any injury-causing exposure *would have been* while Baker was working in its manufacturing facility, it has not denied that Baker's injuries occurred in the course and scope of employment. Instead, Ascend consistently took the position that Baker presented no evidence that exposure in the course and scope of his employment was the occupational cause of his injuries—an issue the workers' compensation forum routinely resolves. While are sympathetic to the "Herculean task created by the heightened burden of proof for toxic exposure claims [under the FWCA]," *City of Titusville*, 288 So. 3d at 737, we cannot allow Baker to bypass the FWCA's clear requirements and sue in tort.

★    ★    ★

Because Ascend's positions in the workers' compensation forum were not clearly irreconcilable with its exclusivity immunity

24-10839                Opinion of the Court                15

defense, the district court's grant of summary judgment is **AF-FIRMED.**