THOMAS, Justice.
The order of the deputy commissioner awarding compensation to the respondent, Florence Granlund, for the death of her husband was affirmed by the Full Commission, but so much of his order as dealt with insurance payments was reversed. We are now entertaining a petition for certiorari, and a cross petition, to review both features of the matter.
The husband was working at the cashier’s window in the automobile inspection station of the City of Miami when a police officer entered the room and removed his pistol preparatory to cleaning it. The officer appeared to remove all the cartridges, and doubtless thought he had done so, but it eventuated that one of them remained in the weapon. Without arising from his seat the husband took the gun, pointed it at a fellow employee then placed the barrel ■ at his head and pulled the trigger. The bullet the officer had overlooked brought death to the husband. The deputy found that the man was accidentally killed while he was acting within the scope of his employment and that his widow was, therefore, entitled to compensation.
That the employee’s performance was foolhardy is obvious and we think constituted horseplay of such substantial character as to amount to abandonment of his employment. For all practical purposes the man committed suicide though there is no evidence that he deliberately took his own life. The weapon could form no link with his allotted work at the cashier’s window but, on the other hand, was grabbed from a police officer who properly possessed it.
We are importuned to hold that this-case is controlled by our decision in Boyd v. Florida Mattress Factory, Inc., Fla., 128 *832 So.2d 881. There is similarity in the two factual situations in that both reflected recklessness on the part of the employees, but we think there is sufficient dissimilarity to justify different conclusions.
In the cited case the claimant was an employee and officer of a corporation that maintained a boat which was used to entertain customers. Among the equipment were some cherry bombs used for the purpose of catching minnows. When the boat docked after an unsuccessful fishing trip, the claimant while moving equipment from one place in the boat to another discovered the bombs, which were so constructed that they would explode under water, impulsively lighted the fuse of one and threw it overboard. In the resulting explosion he lost the vision of his eye.
After considering the decisions dealing with deviation, horseplay, and playfulness as related to employment, the court stated that the right to compensation hinged on the element of deviation and concluded that there was no basis in logic or reason to hold that the claimant by “this trifling act vahen taken in conjunction zvith all other acts constiUtíing the conviviality required in this enforced fishing trip, deliberately and substantially stepped outside of his employment * * We have italicized the language which demonstrates some connection between the employment and the foolish prank. In the present case we can find no such relationship.
We, therefore, decline to extend the ruling in the cited case to the one we now consider.
The second phase of the case, involving the propriety of the order of the deputy commissioner requiring the payment by the City of Miami, employer, of $1147.24 which had been remitted to the hospital by the hospitalization insurance carrier, is concluded by our decision that the claim was not compensable.
The writ of certiorari is, therefore, granted, the order of the Full Commission quashed, and the cause dismissed.
O’CONNELL, CALDWELL and HOB-SON (ret.), JJ., concur.
THORNAL, J., concurs specially.
TERRELL and DREW, JJ., dissent with opinions.