382 So.2d 720 (1980)
TIMES PUBLISHING CO. and R.P. Hewitt & Associates, Appellants/Cross-Appellees,
v.
Eugene WALTERS, Appellee/Cross-Appellant.
No. QQ-380.
District Court of Appeal of Florida, First District.
March 4, 1980.
Rehearing Denied April 17, 1980.
*721 Richard G. Davis, of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellants and cross-appellees.
Robert P. Byelick, of Lyle & Skipper, P.A., St. Petersburg, for appellee and cross-appellant.
WENTWORTH, Judge.
The employer/carrier appeals and the claimant cross-appeals a worker's compensation order, which we affirm.
The claimant, a 14-year old newsboy, arrived at his work station at a time in the afternoon when he had previously obtained papers for delivery to certain customers just before his regular shift, but was told by the 9-year old newsboy on duty that he could not have his papers at that time. During this enforced lull the claimant and another youth engaged in a footrace which resulted in injury to the claimant. Since the injury arose out of the footrace, the initial question is whether there occurred such a deviation as to take the activity outside the course of employment. See 1A Larson, The Law of Workmen's Compensation, § 23.16 (1972).
In Boyd v. Florida Mattress Factory, Inc., 128 So.2d 881 (Fla. 1961), the claimant's injury was held to be compensable despite the fact that it resulted from horseplay. See also, Publix Supermarkets, Inc. v. Murdock, IRC Order 2-3652 (Jan. 15, 1979), cert. denied, 379 So.2d 208 (Fla. Dec. 17, 1979); Stitz v. City of Tampa, 4 FCR 182 (1960); Brannen v. Princeton Farms, Inc., 3 FCR 279 (1958), cert. denied, 106 So.2d 240 (Fla. 3rd DCA 1958); Webb v. Perini, Walsh, Mills & Blythe Bros., 2 FCR 9 (1956). An examination of those opinions indicates that the classification of horseplay as a substantial deviation precluding compensability depends on (1) the extent and seriousness of the deviation, (2) the completeness of the deviation (whether it involved an abandonment of employment duties), (3) the extent to which similar activity had either been forbidden or had become an accepted or tolerated practice, and (4) the extent to which such horseplay may have been expected or reasonably foreseeable in the employment. In 1A Larson, The Law of Workmen's Compensation, § 23.65 (1972), the author suggests that when horseplay occurs during a lull in the work this factor is of considerable importance, since the deviation does not involve the abandonment of any work duties and may even be an expected consequence of a waiting period. See generally, Brannen, supra and Webb, supra.
The present case involves a momentary deviation without obvious danger which occurred during a lull in work with no abandonment of employment duties. Such conduct has been associated with employments *722 utilizing employees lacking in maturity. Murdock, supra. The order on appeal appropriately notes that the claimant's youth and energy were qualities directly contributing to his value to the appellant employer. When the relevant criteria are considered with the totality of the circumstances in this case, we find that the deputy commissioner did not err in his conclusions to the effect that the deviation was insubstantial, that the claimant remained in the course of his employment, and that the accident arose out of that employment.
Accordingly, the order appealed is affirmed.
ROBERT P. SMITH and LARRY G. SMITH, JJ., concur.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
WENTWORTH, Judge.
The appellee/cross-appellant asserts in this motion for rehearing or clarification that § 440.14(5), Florida Statutes, should have been utilized in determining the claimant's average weekly wage. The statute provides that:
If it be established that the injured employee was a minor when injured, and that under normal conditions his wages should be expected to increase during the period of disability the fact may be considered in arriving at his average weekly wages.
However, the appellee/cross-appellant failed to present sufficient evidence to establish that the minor claimant's "wages should be expected to increase during the period of disability..." [e.s.]; § 440.14(5), Florida Statutes, is thus inapplicable in the circumstances of this case, as presented before the judge of industrial claims.
The motion for rehearing is denied.
ROBERT P. SMITH and LARRY G. SMITH, JJ., concur.