DAVIS, Judge.
The claimant, Andrea Bryant, suffered a knee injury while engaged in the duties of her job on the premises of her employer. The Judge of Compensation Claims ruled that the injury was idiopathic and not com-pensable because the claimant failed to prove that her employment involved an exertion greater than that performed during her daily life. Because we hold that the Judge of Compensation Claims applied the wrong test for determining compensability, we reverse.
Claimant was employed, as a housekeeper at David Lawrence Mental Health Center for approximately three years before she was injured. On January 27, 1993, she squatted to lift a bag of laundry off the floor of the laundry room and felt immediate pain in her right knee. She sustained a tear of the lateral meniscus in that knee. There is no dispute that the claimant was on the employer’s premises and performing one of her job duties when injured. In denying compensa-bility, the Judge of Compensation Claims found that the claimant did not fall, twist, lose her balance or experience any other unusual movement. He found that her injury was idiopathic and did not arise out of the claimant’s employment because her employment did not expose her to any greater risk than she experiences in her everyday life and to which the population as a whole is exposed.
To be compensable, an injury must “arise out of’ one’s employment and must occur “in the course and scope of’ that employment. Strother v. Morrison Cafeteria, 383 So.2d 623, 624 (Fla.1980). The employer and carrier in this case have conceded that the injury to the claimant occurred in the course and scope of her employment, while performing her job duties on the employer’s premises. The dispute here is whether the injury “arose out of’ the claimant’s employment.
The employer and carrier assert that the Judge of Compensation Claims was correct to deny compensability because a condition is only considered to arise out of one’s employment when the employment necessarily exposes claimant to conditions that would substantially contribute to the risk of injury and to which the claimant would not normally be exposed during his non-employment life. However, the employer and carrier rely upon cases in which the court held that injuries which were the result of a condition personal to the claimant were not compensable unless aggravated by the employment. See, e.g., Leon County School Board v. Grimes, 548 *631 So.2d 205, 207 (Fla.1989); Acker v. Charles R. Burklew Const., 654 So.2d 1211, 1212 (Fla. 1st DCA 1995); Grenon v. City of Palm Harbor Fire District, 634 So.2d 697, 699 (Fla. 1st DCA), review denied mem., 649 So.2d 233 (Fla.1994). That argument is misplaced, because each of those cases is factually distinguishable from the instant case, and the crucial factual differences affect the applicable test for compensability.
An unexpected injury sustained during the ordinary performance of one’s duties in the usual manner is a compensable accident; it is not necessary for the claimant to demonstrate that there was a slip, fall or other mishap. Gray v. Employers Mut. Liability Ins. Co., 64 So.2d 650, 651 (Fla.1953). This definition of “accident” includes an internal failure such as a ruptured disc or a snapped knee cap. Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581, 588 (Fla.1961). To establish that her accident arose out of, and occurred in the course and scope of, her employment, it was sufficient for the claimant to prove that her injury occurred in the period of her employment, at a place where she would reasonably be, while fulfilling her duties. Hillsborough County School Board v. Williams, 565 So.2d 852, 853-54 (Fla. 1st DCA 1990); Cooper v. Stephens, 470 So.2d 852, 854 (Fla. 1st DCA); petition for review denied mem., 480 So.2d 1296 (Fla.1985). The “arising out of’ prong of this test is satisfied by evidence that the injury originated in some work connected with the employment. See Baker v. Orange County Board of County Commissioners, 399 So.2d 400, 401 (Fla. 1st DCA), petition for review denied mem., 411 So.2d 383 (Fla.1981). “That is, the claimant must show that his injury can be attributed to some event or circumstances connected with his work.” Monette v. Manatee Memorial Hospital, 579 So.2d 195, 196 (Fla. 1st DCA 1991). This the claimant has done, by producing evidence that she was squatting to pick up a bag of laundry, performing one of her job duties. See also Gray v. Employers Mut. Liability Ins. Co., supra (claimant’s arm injury “arose out of her work” when it occurred as she lifted a can of waffle batter).
When the employer and carrier assert that an injury is the result of a personal risk such as an idiopathic preexisting condition, they must carry the burden of proving the existence of such a condition. See Hacker v. St. Petersburg Kennel Club, 396 So.2d 161, 162-63 (Fla.1981); see also Zundell v. Dade County School Board, 636 So.2d 8, 12 (Fla.1994). Only if the employer and carrier have satisfied that burden of proof is it appropriate for the JCC to hold the claimant to the more stringent standard for compensability which was erroneously applied by the JCC below, to establish that the employment exposed the claimant to a risk of injury greater than that the employee would normally encounter in non-employment life. Hillsborough County School Board v. Williams, 565 So.2d at 854; Market Food Distributors, Inc. v. Levenson, 383 So.2d 726, 727 (Fla. 1st DCA 1980). However, “if the employee has no prior weakness or disease, any exertion connected with employment and causally connected with the injury as a medical fact is adequate to satisfy the legal test of causation.” Id. at 727.
The cases relied upon by the employer and carrier are all distinguishable because the actual existence of a preexisting condition was proven in each of them. For example, in Acker v. Charles R. Burklew Const., 654 So.2d 1211, 1212 (Fla. 1st DCA 1995) the claimant had an asymptomatic preexisting degenerative arthritis in his neck. The claimant in Leon County School Board v. Grimes, 548 So.2d 205 (Fla.1989) was wearing a leg brace which gave way. In Market Food Distributors, Inc. v. Levenson, 383 So.2d 726 (Fla. 1st DCA 1980), the claimant had an asymptomatic preexisting spinal disease which was fortuitously triggered by the normal movement of lifting a 20 pound drawer. Similarly, the claimant in Bison Co. v. Shubert, 494 So.2d 253 (Fla. 1st DCA 1986) was fortuitously injured when he sneezed at work, but the evidence indicated he had a preexisting congenital spinal abnormality. The JCC expressly found that the claimant’s injury in Hernando County School Board v. Dokoupil, 667 So.2d 275 (Fla. 1st DCA 1995) was the result of his preexisting osteoporosis. Finally, in Grenon v. City of Palm Harbor Fire District, 634 So.2d 697, 698 (Fla. 1st *632 DCA), review denied, mem., 649 So.2d 233 (Fla.1994) the testimony of the doctor established that the x-rays indicated a congenital abnormality.
In contrast, in this case, there was no evidence to support the conclusion that the claimant’s injury was the result of a preexisting condition. Only one medical expert, Dr. Onkey, offered evidence relevant to this issue. He testified that some older women (over 45 or 50, in express and direct contrast to the 28 year old claimant) may experience meniscal tears simply upon squatting. However, he specifically refuted any suggestion of an abnormality in the claimant’s knee or any knowledge of a preexisting injury. In the absence of any evidence which could support a finding that there was a preexisting abnormality, we conclude that the Judge of Compensation Claims erred in ruling that this injury was not compensable.
Accordingly, we REVERSE and REMAND.
BARFIELD and ALLEN, JJ., concur.