792 So.2d 592 (2001)
Michael DUNLEVY, Appellant,
v.
SEMINOLE COUNTY DEPARTMENT OF PUBLIC SAFETY and Gallagher Bassett Services, Inc., Appellees.
No. 1D00-2720.
District Court of Appeal of Florida, First District.
August 14, 2001.
*593 Christian G. Payer, Orlando; Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant.
Michael Broussard and Danni Lynn Germano of Broussard & Cullen, P.A., Orlando, for Appellees.
ERVIN, J.
Michael Dunlevy, claimant, appeals an order of the judge of compensation claims (JCC) denying the compensability of an injury, because he sustained it during horseplay and failed to prove causation. Dunlevy contends the JCC erred because: (1) the employer, Seminole County Department of Public Safety, and servicing agent, Gallagher Bassett Services, Inc. (E/SA), waived their right to challenge the compensability of claimant's accident and injury under section 440.20(4), Florida Statutes (Supp.1998), by failing to deny compensability within 120 days after the initial provision of benefits; (2) there was no competent, substantial evidence to support the JCC's finding that compensability was barred by horseplay and that claimant deviated from his employment under section 440.092(3), Florida Statutes (1997); (3) the evidence showed that claimant's hamstring injury was causally related to his accident; (4) the only physician who rendered an opinion on the matter said claimant has a two percent permanent impairment as a result of his hamstring injury; and (5) claimant is entitled to impairment benefits. We affirm the first issue, reverse and remand as to the second and third, and, because the JCC never decided the merits of the fourth and fifth issues, we remand with directions for him to determine claimant's entitlement to the benefits requested.
On April 19, 1998, while working as a firefighter/paramedic for the employer, Dunlevy fell and injured his right thigh. Dr. Robert Hatch, orthopedist, diagnosed right hamstring strain, and the servicing agent accepted the claim as compensable and began paying temporary total disability and medical benefits soon thereafter. Over a year later, Chief Kent Castleman informed the servicing agent that he had learned that Dunlevy's fall had occurred during a playful wrestling match with a co-worker, rather than from slipping. Counsel for the E/SA investigated and determined that Dunlevy was injured while engaging in horseplay, and the E/SA thereafter denied compensability.
We first reject Dunlevy's contention that the E/SA waived the right to deny compensability of the claim, because it did not investigate his claim within 120 days of the initial provision of benefits pursuant to section 440.20(4), which provides:
A carrier that fails to deny compensability within 120 days after the initial provision of benefits or payment of compensation waives the right to deny compensability, unless the carrier can establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120 day period.
In contrast to the facts in Bynum Transport, Inc. v. Snyder, 765 So.2d 752 (Fla. 1st DCA 2000), and Franklin v. Northwest Airlines, 778 So.2d 418 (Fla. 1st DCA 2001), there was nothing in the information the servicing agent obtained after Dunlevy's *594 injury, either from claimant, the employer or Dunlevy's physicians, that raised or should have raised any doubts as to the cause of injury, thus prompting the need for "reasonable investigation." The waiver provision should not be construed to require carriers to automatically disbelieve claimants' reports of injuries, without additional information warranting investigation. We therefore affirm the JCC's ruling that the E/SA did not waive the right to reject compensability of the claim.
As to appellant's second issue, that the JCC erred in denying the compensability on the ground of horseplay, the E/SA submitted evidence after the expiration of the 120-day denial deadline showing that on the date of the injury, when another firefighter, Paul Madrazo, was coming on duty and Dunlevy was going off, Madrazo and Dunlevy began joking with each other, and then butted chests and started "wrestling around." Within the space of one to three minutes, Dunlevy fell to the ground in great pain. Madrazo treated him and took him to the hospital. Madrazo testified that they were not being aggressive with each other but were doing what "guys do at the station." The evidence showed that the employer had a policy against horseplay, of which Dunlevy was on notice. Chief Castleman testified that Dunlevy deviated from his employment, because during the shift change, employees are required to exchange information about what kinds of calls they responded to the previous day, which drugs and supplies might be missing from the truck and whether the truck needed fueling. On cross-examination, Castleman admitted that if there had been a call for a fire or rescue care, Dunlevy would have been able to respond.
We conclude that these facts are more consistent with case law in which the courts have found that a momentary deviation from work duties does not rise to the wholesale abandonment necessary to bar a claim based upon the doctrine of horseplay. See, e.g., Boyd v. Florida Mattress Factory, Inc., 128 So.2d 881 (Fla.1961); Jean Fluet, Inc. v. Harrison, 652 So.2d 1209 (Fla. 1st DCA 1995); B & B Cash Grocery Stores v. Wortman, 431 So.2d 171 (Fla. 1st DCA 1983); Times Publ'g Co. v. Walters, 382 So.2d 720 (Fla. 1st DCA 1980). In those cases where the horseplay doctrine has been applied to deny benefits, the facts show that the claimants significantly departed from standard employee behavior. See, e.g., City of Miami v. Granlund, 153 So.2d 830 (Fla.1963); Cone Bros. Contracting Co. v. Allbrook, 153 Fla. 829, 16 So.2d 61 (1943).
Although the playful roughhousing of Madrazo and Dunlevy was contrary to department policy, it was momentary and insignificant. There was no testimony that Dunlevy abandoned his duties by failing to exchange the necessary information with the incoming shift. As a consequence, we reverse the JCC's finding that Dunlevy's claim was not compensable because of horseplay.
As to the third issue, the JCC alternatively concluded that Dunlevy failed to prove that the industrial accident was the major contributing cause of his hamstring injury, because there was no statement to that effect in his medical records. This was error. The claimant is not required to prove major contributing cause by expert medical evidence alone, but by the totality of the evidence. See, e.g., Closet Maid v. Sykes, 763 So.2d 377 (Fla. 1st DCA 2000) (en banc). Paramedic Madrazo attended to Dunlevy after he fell and took him to the hospital, recording in the emergency medical services report that he had treated Dunlevy for "isolated hamstring injury." The report from Florida Hospital dated April 19, 1998, states that Dunlevy "accidentally slipped and fell injuring his *595 mid-thigh region." The emergency room report states as diagnosis: "right thigh pain, muscular." Dr. Robert Hatch treated Dunlevy a week later and stated as history: "Michael reports falling at work on 4/19/98 when he suffered a right thigh injury," and diagnosed "right hamstring strain." There was no evidence that called into question the fact that Dunlevy injured his right thigh when he fell.
Because we conclude that Dunlevy did establish causation and hence compensability of his right-leg condition, the issue of permanent impairment is ripe for review. The medical records show that Dr. Hatch noted problems in Dunlevy's right lower extremity on June 24, 1998, and that Dr. Stephen Goll assigned a two percent permanent impairment related to this condition. Dr. Richard Smith concluded that Dunlevy had no permanent impairment, and the JCC relied on Dr. Smith's opinion in finding zero percent impairment. Dr. Smith's examination, however, appears to address a back injury that is not pertinent to this appeal. We therefore direct the JCC to reconsider the medical evidence and determine whether Dunlevy is entitled to the benefits requested in connection with this condition.
AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings consistent with this opinion.
WEBSTER and BENTON, JJ., concur.