825 So.2d 451 (2002)
TRAVELERS INSURANCE COMPANY and The Minute Maid Company, Appellants,
v.
William B. COLLINS, Appellee.
No. 1D01-1879.
District Court of Appeal of Florida, First District.
July 26, 2002.
John E. McCain, III and David K. Beach of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellants.
Dennis J. Hunter, Orlando, for Appellee.
VAN NORTWICK, J.
The Minute Maid Company and Travelers Insurance Company, the employer and insurance carrier, challenge an order granting medical benefits for a lower back condition to William B. Collins, appellee and the claimant below. Appellants argue that the judge of compensation claims (JCC) erred in finding that appellants were estopped from denying the compensability of the claim because they did not deny it within 120 days of commencing payment thereon. Because competent and substantial evidence supports the JCC's findings, we affirm.
Claimant had a workplace accident on January 9, 1996, when he was struck by a pallet being moved by a forklift. Claimant received authorized treatment for the injury sustained to his right foot as a result of the accident, and, thereafter, a physician was authorized to treat the lower back pain the claimant was suffering. After initially providing treatment for claimant's lower back, appellants later denied the compensability of the lower back condition. *452 Claimant therefore petitioned for additional lower back treatment
The JCC found that the workplace accident was not the major contributing cause of claimant's lower back condition and, thus, the claim was found not to be compensable. Nevertheless, the JCC found that the employer and carrier waived the right to deny compensability of the lower back condition because they failed to deny compensation within 120 days after commencing payment of compensation as required by section 440.20(4), Florida Statutes (1995).
Section 440.20 provides in part:
(4) If the carrier is uncertain of its obligation to provide benefits or compensation, it may initiate payment without prejudice and without admitting liability. The carrier shall immediately and in good faith commence investigation of the employee's entitlement to benefits under this chapter and shall admit or deny compensability within 120 days after the initial provision of compensation or benefits. Upon commencement of payment, the carrier shall provide written notice to the employee that it has elected to pay all or part of the claim pending further investigation, and that it will advise the employee of claim acceptance or denial within 120 days. A carrier that fails to deny compensability within 120 days after the initial provision of benefits or payment of compensation waives the right to deny compensability, unless the carrier can establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120 day period.
(Emphasis added).
In Franklin v. Northwest Airlines, 778 So.2d 418 (Fla. 1st DCA 2001), this court affirmed a JCC's finding that the employer and carrier had waived the right to deny compensability of a claim pursuant to section 440.20(4) because the claim was not denied within 120 days. We concluded that the record contained competent and substantial evidence to support the finding of waiver, even though the claimant had not informed her employer of the date on which the accident occurred with any consistency. We observed that such an inconsistency should have been viewed by the employer and carrier as one of the sort of "red flags" which prompts a "reasonable investigation" of the claim. Id. at 422.
Here, the JCC expressly found that a report from the physician authorized to treat the claimant's back put the employer and carrier on notice that claimant's lower back condition consisted of a pre-existing degenerative disc condition coupled with an aggravation. As in Franklin, the physician's report on which the JCC relied is competent and substantial evidence of notice, and a sufficient evidentiary basis for finding that the appellants waived their right to deny compensability after benefits had been paid for substantially longer than 120 days. Further, the instant case is distinguishable from Dunlevy v. Seminole County Dep't of Public Safety, 792 So.2d 592, 593-4 (Fla. 1st DCA 2001), relied upon by appellants. In Dunlevy, "there was nothing" in the information provided to the carrier by the claimant or the treating physicians that "raised or should have raised any doubts as to the cause of injury, thereby prompting the need for `reasonable investigation.'" Id.
AFFIRMED.
ERVIN and BARFIELD, JJ., CONCUR.