832 So.2d 176 (2002)
Michael TANGUILAN, Appellant,
v.
PMI EMPLOYEE LEASING, Appellee.
No. 1D02-0361.
District Court of Appeal of Florida, First District.
November 14, 2002.
Rehearing Denied December 17, 2002.
*177 Michael J. Valen, Esq. and Melanie E. Rodrigues, Esq. of Kinsey, Troxel, Johnson & Walborsky, P.A., Pensacola, for Appellant.
M. Kemmerly Thomas, Esq. of McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A., Tallahassee, for Appellee.
PER CURIAM.
We reverse the JCC's determination that Michael Tanguilan, the claimant, deviated from his employment and that his employment was not the major contributing cause of his injuries. The claimant only momentarily deviated from his employment when he lit the explosive while waiting to clock out at the end of his shift. See Dunlevy v. Seminole County Dep't of Public Safety, 792 So.2d 592, 594 (Fla. 1st DCA 2001) (holding that the claimant's playful roughhousing with another employee while the shift changed was only a momentary and insignificant deviation from work duties and that consequently the claimant's injuries arising from the incident were compensable). That is, the claimant did not substantially abandon his work duties so as to bar his claim for workers' compensation. Therefore, as the claimant was performing work in the course and scope of his employment and there was no cause for the claimant's injuries other than his employment, the claimant's injuries are compensable under the workers' compensation law. See Vigliotti v. K-mart Corp., 680 So.2d 466, 467-68 (Fla. 1st DCA 1996) (setting forth a two-part test for determining compensability: (1) the claimant must have been performing work in the course and scope of his employment, and (2) the work performed by the claimant must be the major contributing cause of the claimant's injury); see also § 440.09(1), Fla. Stat. (2000); § 440.02(35), Fla. Stat. (2000).
REVERSED and REMANDED for further proceedings.
BROWNING, LEWIS and POLSTON, JJ., concur.