868 So.2d 561 (2004)
Lethie LANHAM, Appellant,
v.
DEPARTMENT OF ENVIRONMENTAL PROTECTION and Florida Department of Insurance Risk Management/WC Claims, Appellees.
No. 1D03-0257.
District Court of Appeal of Florida, First District.
February 2, 2004.
Rehearing Denied March 31, 2004.
Terry P. Roberts, David G. Sullivan, and Jayson A. Chizick of Anderson, Culliton & Sullivan, P.A., Tallahassee, for Appellant.
*562 William W. Blue of Cooper, Byrne, Blue & Schwartz, Perry, for Appellees.
ERVIN, J.
This is an appeal from a final workers' compensation order denying compensability of an accident occurring after the effective date of section 440.02(32), Florida Statutes (Supp.1994),[1] defining the term "arising out of," for the reason that the claimant's accident did not satisfy such definition. Because the decision below turns on an interpretation of law, our review standard is de novo. We conclude that the construction by the judge of compensation claims (JCC) is erroneous, requiring reversal.
Claimant, Lethie Lanham, while employed by the Department of Environmental Protection (DEP), tripped and fell on a sidewalk about a quarter of a mile from her office during a work break on April 4, 2000, injuring her right hip, wrist, and hand. The sidewalk circles the complex where DEP is located and was not on DEP premises. In reaching his decision, the JCC recited the following stipulated facts:
1. Employee was on break at the time of her injury.
2. Employee was not on the employer's premises at the time of her injury.
3. Employee was not performing any task or errand for the employer at the time of her injury.
4. At the time of her injury, employee was still subject to the control of employer to the extent that employee's supervisor could have called her back to work before finishing her break.
5. Employer provided no limitations on where employee went during her breaks provided that employee could return to work within 15 minutes.
6. Employee was paid for the time she spent on break.
7. Employees get two 15-minute breaks each day, one in the morning, and a second break after lunch. Employees are not required to use a time clock to time their breaks. They are on the honor system, and trusted to return to work on time.
8. Employer provided no limitations on the types of activities employee engaged in during her breaks provided that employee could return to work within 15 minutes.
The JCC concluded that because claimant was not on the employer's premises when she was injured, and neither proved that she was performing work, nor that her activity was preparatory or incidental to the performance of her duties, she could not be considered to be within the course and scope of employment at the time she suffered her accidental injuries. In support of his decision, the JCC cited this court's interpretation of section 440.02(32) in Vigliotti v. K-mart Corp., 680 So.2d 466 (Fla. 1st DCA 1996). The statute provides:
"Arising out of" pertains to occupational causation. An accidental injury or death arises out of employment if work performed in the course and scope of employment is the major contributing cause of the injury or death.
The JCC misconstrued the effect of both Vigliotti and section 440.02(32).
Vigliotti explained that in order for an accidental injury to occur, the statute requires the existence of two elements: (1) the work must have been performed in *563 the course and scope of employment, and (2) the work must be the major contributing cause of the accident or injury. Id. at 467-68. As to the first prong, the court decided that the new definition, as incorporated within the 1994 amendments, did not change prior case law interpreting the phrase "in the course and scope of employment," because no modification of substance had been made regarding the related statutory terms "employment," "injury," or "accident." Id. at 468.
The JCC was apparently of the view that as a result of the newly created definition of "arising out of," accidental injuries suffered by an employee off the work premises while taking a short, employerapproved rest break are no longer compensable in that former decisional law that had so held has now been legislatively repealed. As Vigliotti clearly stated, such effect has not occurred. As a consequence, this court's prior decisions upholding the compensability of such injuries remain unimpaired. See Bayfront Med. Ctr. v. Harding, 653 So.2d 1140, 1142 (Fla. 1st DCA 1995) ("Claimant's off-premises act in reasonable pursuit of personal comfort needs during employment hours, and at a place condoned by the employer, was not a deviation from his work...."); Holly Hill Fruit Prods., Inc. v. Krider, 473 So.2d 829, 830 (Fla. 1st DCA 1985) ("An employercondoned off-premises refreshment break of insubstantial duration is generally not such a deviation as to remove a claimant from the course and scope of the employment."); Cooper v. Stephens, 470 So.2d 852, 855 (Fla. 1st DCA 1985) (commenting that if the accident had occurred while claimant was on his way to a coffee break, it "should be considered incidental to business generally").
Similar to employees who left their workplace to obtain coffee, cigarettes, or snacks, Lanham briefly left the employer's premises for personal refreshment. Her 15-minute break was of insubstantial duration; DEP paid its employees during the breaks; Lanham was subject to DEP's control in that she could at any time have been required to work rather than be allowed the time away from her employment. Moreover, her walk was not a substantial personal deviation, but occurred close to DEP premises and was tacitly condoned by DEP. See City of Miami v. Dwight, 637 So.2d 981, 983 (Fla. 1st DCA 1994) (quoting 1 A. Larson, The Law of Workmen's Compensation § 15.51 (1993)). As such, we conclude that claimant's accident occurred within the course and scope of employment, thereby satisfying the first prong in Vigliotti.
The JCC also decided that Lanham failed to satisfy the major-contributingcause element of Vigliotti because she presented no evidence that "her employment constituted the major contributing cause of her injury or otherwise contributed an increased risk of the accident itself or the injury." This too was error. In that the record discloses there was only one cause of claimant's injuries, rather than competing causes, claimant was not required to present additional evidence going to the issue of whether the work-related accident was the major contributing cause of the injuries. See Tanguilan v. PMI Employee Leasing, 832 So.2d 176 (Fla. 1st DCA 2002); La. Pac. Corp. v. Harcus, 774 So.2d 751 (Fla. 1st DCA 2000).
REVERSED.
BARFIELD and POLSTON, JJ., concur.
NOTES
[1] At the time of claimant's injury, the definition was found at section 440.02(35), Florida Statutes (2000).