PER CURIAM..
In this workers’ compensation case, Claimant suffered a closed-head injury while engaged in the duties of his job on the premises of his Employer. The Judge of Compensation Claims (JCC) ruled that the injury was idiopathic and not compen-sable because Claimant failed to prove that his employment involved an exertion greater than that performed during his daily life. Because the JCC applied the wrong test for determining compensability, we reverse.
FACTS
On March 3, 2010, Claimant, an electrician for the Employer, fell and hit his head on the floor while cutting down shelving with a saw in the Employer’s store. Claimant was diagnosed with left temporal hemorrhage, seizure disorder possibly secondary to the left temporal hemorrhage, and toxic encephalopathy secondary to the *1098 left temporal hemorrhage. There is no dispute that Claimant was on the Employer’s premises and performing one of his job duties when injured.
Claimant filed a petition for benefits seeking a determination that the industrial accident was compensable, temporary total disability benefits from March 3, 2010, to the present and continuing, penalties, interest, attorney’s fees, and costs. The Employer/Carrier (E/C) denied the claim on the basis that Claimant’s fall resulted either from a pre-existing or idiopathic condition.
Although Claimant recalled working that day, Claimant has no recollection of how the accident occurred. Claimant’s independent medical examiner (IME), Dr. Ira. Goodman, opined that, rather than a seizure or fainting spell, Claimant’s head impacting the floor caused Claimant’s closed-head injuries. Dr. Goodman was unable to state within a reasonable degree of medical certainty whether any factor related to Claimant’s employment caused the fall. The E/C’s IME, Dr. Anthony Shydohub, also opined that the blow to Claimant’s head from the floor, and not the fall, caused his brain to hemorrhage. Claimant’s medical records indicate that in February 2008 (some two years before the accident here at issue) Claimant fell in the shower, resulting in a 10-second loss of consciousness, head trauma, and concussion.
In the final order, the JCC, after acknowledging inherent discrepancies in the only eyewitness’s account of Claimant’s fall, and citing to this court’s holding in Bryant v. David Lawrence Mental Health Center, 672 So.2d 629 (Fla. 1st DCA 1996), denied compensability of Claimant’s injury. The JCC found that no objective medical evidence supported a finding that the work performed caused Claimant to fall because “neither [IME] could opine with certainty whether the seizure precipitated the fall or occurred as a result of the fall.” Although the JCC specifically rejected the E/C’s defense that Claimant had a pre-existing condition which predisposed him to falling, the JCC found that Claimant’s fall was idiopathic, occurred fortuitously while Claimant was at the Employer’s store, and was not caused by the employment.
ANALYSIS
To be compensable, . an injury must “arise out of’ one’s employment and must occur “in the course and scope of’ that employment. Bryant, 672 So.2d at 630 (citing Strother v. Morrison Cafeteria, 383 So.2d 623, 624 (Fla.1980)). The E/C in this case conceded that the injury to Claimant occurred in the course and scope of his employment, while performing his job duties on the Employer’s premises. The dispute here is whether the injury “arose out of’ Claimant’s employment.
In Lanham v. Department of Environmental Protection, 868 So.2d 561 (Fla. 1st DCA 2004), this court, in addressing the term “arising out of,” explained that two factors must come together for an accidental injury to be held compensable: “(1) the work must have been performed in the course and scope of employment, and (2) the work must be the major contributing cause of the accident or injury.” 868 So.2d at 562-63 (citing Vigliotti v. K-mart Corp., 680 So.2d 466, 467-68 (Fla. 1st DCA 1996)). In addressing the second factor, the Lanham court explained that if “there was only one cause of claimant’s injuries, rather than competing causes, claimant was not required to present additional evidence going to the issue of whether the work-related accident was the major contributing cause of the injuries.” 868 So.2d at 563. See also La. Pac. Corp. v. Harcus, 774 So.2d 751, 753 (Fla. 1st DCA 2000) (holding when there is only one cause of *1099 accident occurring in course and scope of employment, major contributing cause requirement is met).
Here, in the absence of any evidence which could support a finding that there were competing causes of Claimant’s accidental injuries, the JCC erred in ruling that his injuries were not compensable. It is undisputed that Claimant’s closed-head injuries resulted from Claimant’s head impacting the floor while Claimant was removing shelving from the Employer’s store. Further, it is undisputed that the JCC found that Claimant had no pre-exist-ing conditions which may have caused Claimant to fall. In the absence of competing causes of Claimant’s accidental injuries, Claimant satisfied the major contributing cause requirement when evidence showed that he was removing shelving in the Employer’s store at the time of the accident and suffered closed-head injuries as a result of the accident. See Lanham, 868 So.2d at 563. Because Claimant was “not required to present additional evidence going to the issue of whether the work-related accident was the major contributing cause of the injuries,” the JCC erred in finding that Claimant did not sustain an injury by accident arising out of Claimant’s employment. Id.
Further, we disagree with the JCC’s interpretation of this court’s holding in Bryant, which fails to recognize the proper legal standard for causation when there is no evidence that a claimant’s accidental injury was the result of a pre-exist-ing condition. In Bryant, this court explained:
When the E/C assert that an injury is the result of a personal risk such as an idiopathic pre-existing condition, they must carry the burden of proving the existence of such a condition.... [I]f the employee has no prior weakness or disease, any exertion connected with employment and causally connected with the injury as a medical fact is adequate to satisfy the legal test of causation.
Id. at 631. Here, in the absence of any other ascertainable cause, Claimant established a sufficient connection between his work and the accident in question by producing evidence that he was cutting down shelving with a saw in the Employer’s store, performing one of his job duties. See id. (holding claimant’s knee injury “arose out of her work” when it occurred as she was squatting to pick up a bag of laundry). Thus, the JCC erred in ruling that Claimant’s injuries were not compen-sable. Accordingly, the order denying compensability is REVERSED and REMANDED for further proceedings consistent with this opinion.
DAVIS, WETHERELL, and SWANSON, JJ„ concur.