PER CURIAM.
In this workers’ compensation appeal,. Claimant argues that the Judge of Compensation Claims (JCC) applied an incorrect test to determine the compensability of Claimant’s injury — the “increased hazard” test — and also erred in failing to find *782 that the wall against which Claimant fell was an increased hazard. Because we reverse the order on appeal based upon Claimant’s first issue alone, we decline to comment on Claimant’s second issue on appeal.
Neither the JCC nor the parties had the benefit of this court’s recent decisions in Caputo v. ABC Fine Wine & Spirits, 93 So.3d 1097 (Fla. 1st DCA 2012), and Walker v. Broadview Assisted Living, 95 So.3d 942 (Fla. 1st DCA 2012), two cases that clarify the proper legal analysis to be used where an employee suffers an unexplained fall in the workplace. In Ca-puto, this court (citing to earlier precedent on the subject) explained:
When the E/C [Employer/Carrier] assert that an injury is the result of a personal risk such as an idiopathic preexisting condition, they must carry the burden of proving the existence of such a condition.... [I]f the employee has no prior weakness or disease, any exertion connected with employment and causally connected with the injury as a medical fact is adequate to satisfy the legal test of causation.
93 So.3d at 1099 (quoting Bryant v. David Lawrence Mental Health Center, 672 So.2d 629, 631 (Fla. 1st DCA 1996)).
Here, Claimant testified that her fall occurred when her foot caught on linoleum flooring, while she was walking quickly between classrooms. Claimant also reported that during balance training she underwent after the accident, she was advised that she has a “mild to moderate” vestibular problem — but that this condition did not cause her to fall on the date in question. Although the E/C asserted that Claimant’s injuries were due to a preexisting or idiopathic vestibular disorder that caused Claimant to fall, the E/C failed to introduce any evidence regarding the nature of vestibular disorders, whether Claimant in fact had a vestibular problem (or any pre-existing condition), whether Claimant had such vestibular problem (or any pre-existing condition) at the time of the fall in question, or whether the fall in question was caused by such vestibular problem (or any other pre-existing condition). Moreover, the JCC did not find that Claimant had the alleged (or any) preexisting condition, nor that such a preexisting condition existed at the time of the fall in question, nor that a pre-existing condition contributed to the fall in question. Rather, the JCC merely stated that “in this case, the injury may be caused by an idiopathic condition,” and that Claimant either “tripped,” or lost her balance while making a stride. (Emphasis added). The JCC then improperly proceeded to an increased hazard analysis, which is only applicable if the fall is in fact caused by a pre-existing condition.
Notwithstanding the E/C’s lack of evidence of a pre-existing condition, the JCC concluded that, because Claimant could not establish an increased risk of harm associated with her employment— such as a defect in the premises — Claimant could not establish that her injury arose out of employment because the accident could have happened elsewhere. This was error; the JCC’s reasoning overlooks the express language of section 440.10(2), Florida Statutes (2011), providing that “compensation shall be payable irrespective of fault as a cause for the injury,” and the rationale underlying this court’s holdings in Caputo and Walker, that where an unexplained fall happens while Claimant is “actively engaged” in the duties of employment, and where there is no other established basis for the fall, the causal relationship between the employment and the accident is met. Thus, in the absence of any medical evidence to establish the existence of a pre-existing condition, it was not necessary for Claimant to show an increased risk of harm associated with her employment in order *783 to establish the causal connection between her employment and her accident. See Walker, 95 So.3d at 948.
Accordingly, Claimant correctly asserts that, in the absence of an established competing cause of Claimant’s accidental injuries, Claimant satisfied the major contributing cause requirement of sections 440.09(1) (providing compensation for “accidental compensable injury or death arising out of work performed in the course and the scope of employment”) and 440.02(36) (defining “arising out of’), Florida Statutes. See Caputo, 93 So.3d at 1097; see also Walker, 95 So.3d at 943. Because here, as in Walker, the JCC had before him no medical evidence which could support a finding of any pre-existing or idiopathic condition, we reverse the denial of compensability on the authority of Caputo and Walker.
REVERSED.
PADOVANO, MARSTILLER, and SWANSON, JJ., concur.