THOMAS, J.
In this workers’ compensation appeal, Claimant argues that the Judge of Compensation Claims (JCC) erred in holding that Claimant’s accident did not arise out of his employment when Claimant’s van struck a utility pole while performing an errand for the Employer. We reverse, because under our recent holding in Caputo v. ABC Fine Wine & Spirits, 98 So.3d 1097 (Fla. 1st DCA 2012), the JCC erred in ruling that Claimant’s accident and resulting injuries did not arise out of his employment.

Background

The relevant facts are not in dispute. Claimant was asked by his Employer to drive Claimant’s van to pick up medical equipment. On the way back to the Employer’s facility, Claimant crashed into a telephone pole. Claimant does not recall what happened at the time of the accident, but the parties stipulated that at some point in time on his trip, Claimant “blacked out.” The accident injured Claimant.
When Claimant sought workers’ compensation benefits, the Employer/Carrier (E/C) denied the claim, asserting that Claimant’s accident did not occur in the course and scope of his employment, that the accident was caused by an idiopathic condition, and that his employment was not the major contributing cause of the accident. The E/C did not, however, submit any evidence in support of its assertion that Claimant had a pre-existing condition. Further, the stipulation that Claimant “blacked out” did not include a stipulation that Claimant had a pre-existing condition, nor did it specify whether Claimant “blacked out” before or after the accident.
The JCC found that Claimant suffered an idiopathic injury and denied compensa-bility under an increased hazard analysis, based on his finding that driving on public roads did not expose Claimant to a greater danger than that which is encountered by any other ordinary person; thus, Claimant failed to prove that his work activities were the major contributing cause of his injuries.

Analysis

When the JCC entered the final order, this court had not yet issued our decision in Caputo. Under this holding, the JCC incorrectly applied the major contributing cause standard to the facts of this case. Here, in the absence of any evidence to support a finding that Claimant suffered a pre-existing medical condition, Claimant satisfied the major contributing cause requirement by establishing that he was operating a motor vehicle at his Employer’s request, an accident occurred, and he suffered injuries as a result of the employment-related accident. Id. at 1098-99 (citing Lanham v. Dep’t of Envtl. Prot., 868 So.2d 561 (Fla. 1st DCA 2004)). Given the absence of a competing medical condition that caused his injuries, Claimant was “not required to present additional evidence going to the issue of whether the work-related accident was the major contributing cause of the injuries.” Id.
Moreover, the JCC erred as a matter of law in ruling that Claimant’s injuries did not arise out of his employment by virtue of Claimant’s operation of a dangerous instrumentality. This court has held that an accident caused by an idiopathic condition nonetheless “‘arises out of employment when the employment exposes the claimant to conditions ‘which the claimant would not normally encounter during his non-employment life.’ ” Deturk v. Charlotte County Bd. of County Comm’rs, 642 So.2d 779, 780 (Fla. 1st DCA 1994) *246 (citing Medeiros v. Residential Comtys. of Am., 481 So.2d 92, 93 (Fla. 1st DCA 1986)). In Deturk, this court held that even an automobile accident caused by an identifiable pre-existing condition occurring while the employee is driving in the course and scope of employment, will permit an award of compensability regarding those injuries resulting from the automobile collision. 642 So.2d at 782.
In addition, section 440.092(4), Florida Statutes (2010), provides: “An employee that is required to travel in connection with his or her employment who suffers an injury while in travel status shall be eligible for benefits ... only if the injury arises out of and in the course of employment while he or she is actively engaged in the duties of employment.” This provision further provides that the coverage extended to travelling employees “applies to travel necessarily incident to performance of the employee’s job responsibility,” but not for travel to and from work. Id. Thus, where an employee is required to use an automobile to travel and carry out the duties of his employment, this court has held-in the instance of an accident occurring after the major contributing cause amendments to chapter 440 — that injuries resulting from such an automobile accident “ar[i]se out of and in the course of employment.” See, e.g., Longo v. Associated Limo, 871 So.2d 943, 944-45 (Fla. 1st DCA 2004). Because Claimant’s injuries resulted from a collision which occurred while he was actively engaged in his work activities, and because no other identifiable risk or medical condition brought about the accident or his injuries, Claimant’s injuries arose out of work performed in the course and scope of his employment. For these reasons, Claimant is entitled to workers’ compensation benefits. Therefore, we reverse the JCC’s order on appeal and remand for entry of an order consistent with this opinion.
REVERSED and REMANDED.
DAVTS and ROWE, JJ., concur.