PER CURIAM.
In this workers’ compensation appeal, Claimant, an armed security guard, argues the Judge of Compensation Claims (JCC) erred in concluding the fall he sustained on April 19, 2012, while he was patrolling the premises of an apartment complex, was not a compensable accident. Claimant also argues that the JCC also erred in denying his claims for medical and indemnity benefits, penalties, interest, costs, and attorney’s fees. Because we agree the JCC failed to apply the correct legal standard, based on the evidence and arguments submitted by the parties, we reverse and remand.
It was undisputed that on April 16, 2012, Claimant fell while at a shopping mall (not a work-related event) and, as a result, received medical treatment for a left knee injury, including a CT scan. On April 19, three days later, Claimant fell while engaged in work activities and allegedly sustained injuries to his right elbow, right shoulder, and right knee. The E/C denied any responsibility for the injuries, taking the position that Claimant’s April 19 fall was caused by an “idiopathic” condition, namely, the left knee injury.
At the merits hearing, Claimant argued it was undisputed he was at work on April 19 when he suffered a fall. Claimant asserted that the E/C’s defense that he had a pre-existing or idiopathic condition required proof, and the evidence did not support the presence of such a condition. Further, Claimant argued that even if there was evidence of a pre-existing condition, there was no evidence that this preexisting condition caused the April 19 fall.
The E/C did not dispute that Claimant was engaged in work activities on April 19, nor did the E/C dispute the existence of serious conditions involving both knees. The E/C, acknowledging that it had the burden to prove that Claimant had a preexisting condition involving the left knee, argued that it did so. Further, the E/C argued that it also proved that the preexisting condition caused the April 19 fall; thus, the fall was not compensable.
In the appealed order, the JCC acknowledged that “[t]he E/C contends the claimant has a pre-existing idiopathic condition causing his fall and the fall is unrelated to his work.” Nevertheless, the JCC also stated that “the fundamental issue is whether the claimant is credible when he *267 claims he fell as a result of slipping on grease or gravel.” The JCC’s determination that Claimant was not credible in that claim did not, based on the facts recited above, resolve the issues before the JCC. Because the E/C agreed Claimant was engaged in work activities at the time of the April 19 fall, the JCC’s conclusion that Claimant failed to prove a specific occupational cause for his injury did not absolve the JCC of the need to determine whether Claimant’s April 19th fall was caused by a pre-existing condition.
This Court has made it clear that, if there is no pre-existing condition that contributed to the accident or injury, and the accident occurred while the claimant was engaged in work activities, then the claimant has established occupational causation. See Ross v. Charlotte Cnty. Pub. Sch., 100 So.3d 781, 782 (Fla. 1st DCA 2012) (“[Wjhere an unexplained fall happens while Claimant is ‘actively engaged’ in the duties of employment, and where there is no other established basis for the fall, the causal relationship between the employment and the accident is met.”). Because the JCC failed to complete the necessary legal analysis to resolve the issues before him, we reverse and remand this matter for further findings.
REVERSED and REMANDED for further proceedings consistent with this opinion.
LEWIS, C.J., BENTON and SWANSON, JJ., concur.