PER CURIAM.
This cause is before us on review of a workers’ compensation order denying a medical evaluation and remedial or palliative care for lack of evidence. The parties had earlier executed a settlement stipulating that maximum medical improvement occurred in 1988, with a 20 percent permanent impairment to the body as a whole. We reverse.
Claimant’s uncontroverted testimony was that he continues to suffer pain from the compensable accident. In Walker v. Allied Septic Tanks, 522 So.2d 456 (Fla. 1st DCA 1988), this court held that under proper circumstances, a claimant has a right to medical care prior to reaching maximum medical improvement. In Professional Administrators v. Macias, 448 So.2d 1159 (Fla. 1st DCA 1984), this court similarly held that a claimant has a right to palliative treatment following maximum medical improvement. Absent anything indicating a change of condition, the maximum medical improvement finding precludes further remedial care. Oak Crest Enterprises, Inc. *882 v. Ford, 411 So.2d 927 (Fla. 1st DCA 1982). However, it was error to deny claimant an evaluation to determine need for palliative care where the record reflected a 20 percent permanent impairment and claimant testified to recurring pain in the area of the injury. Accordingly, the ruling below is reversed with directions to order an evaluation to determine need for palliative care.
BOOTH, SHIVERS and THOMPSON, JJ., concur.