ERVIN, Judge.
Claimant, James Blight, appeals an order of the judge of compensation claims (JCC), denying each of his claims for benefits against the employer, Comear Industries, Inc., and carrier, Commercial Carrier. Blight raises issues relating to wage loss benefits, psychiatric care, and an orthopedic second opinion. We affirm without comment the denial of wage loss benefits, but reverse the JCC’s denial of palliative psychological care and an independent medical examination, because there was no evidence supporting the denial.
The JCC found that Blight’s psychiatric depression was caused by both his industrial injuries and outside stressors. Accordingly, the JCC erred in finding that Blight failed to establish causation.[1] See Anderson v. Wales Indus., 688 So.2d 379 (Fla. 1st DCA 1997); Ackley v. General Parcel Serv., 646 So.2d 242 (Fla. 1st DCA 1994). Blight’s psychiatrist, Dr. Stuart Bernstein, testified that although Blight was at psychiatric maximum medical improvement and that he needed no additional treatment, he should keep taking his prescribed antidepressant. Accordingly, the JCC erred in failing to order the continuation of Blight’s palliative medication.
The JCC also erred in denying Blight’s request for an orthopedic independent medical examination, finding that it was not medically necessary and that Blight had *216 previously received a second opinion. Blight’s previous second opinion was provided before his most recent surgery. Since then, he has reached maximum medical improvement with a two percent permanent impairment and has continuing complaints of pain from his injury. Although he is no longer entitled to remedial care, he nevertheless has the right to an evaluation to determine his need for palliative care. Ivey v. City of Sarasota, 533 So.2d 881 (Fla. 1st DCA 1988).
We direct the JCC on remand to award Blight any penalties, interest, costs and attorney’s fees to which he is entitled in light of this opinion.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
BENTON and PADOVANO, JJ., concur.

. Blight’s injuries predate the 1994 statutory revisions, which require that the industrial accident be the major contributing cause of the need for treatment. § 440.09, Fla. Stat. (Supp.1994).