765 So.2d 123 (2000)
WAUSAU INSURANCE COMPANY and Carematrix Corp. d/b/a Bailey Village, Appellants,
v.
Michael TILLMAN, Appellee.
No. 1D99-4420.
District Court of Appeal of Florida, First District.
June 19, 2000.
Rehearing Denied July 21, 2000.
Jessica M. Farrelly of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellants.
Linda L. Winchenbach of Moody & Salzman, P.A., Gainesville, for Appellee.
*124 WEBSTER, J.
In this workers' compensation case, the employer and carrier seek review of a non-final order determining that the claimant's alleged injuries were compensable. We have jurisdiction. Fla. R.App. P. 9.180(b)(1)(C). Because the claimant's alleged medical condition was not readily observable and no expert medical evidence was offered to establish a causal connection between the claimant's employment and the alleged injuries for which benefits were sought, we reverse.
The claimant alleged that he sustained serious damage to his throat and stomach, and aggravation of a pre-existing cirrhosis condition, when he drank some Kool-Aid that he had previously made and to which some unknown substance had been added by some unknown person without his knowledge. The evidence to support those allegations was weak at best. However, for purposes of this appeal, we find dispositive the fact that no medical evidence of any nature was offered. More particularly, no medical evidence was offered to suggest either that the claimant had suffered the injuries of which he complained, or that any of those injuries had been caused by drinking the Kool-Aid. It was the claimant's burden to establish the existence of a causal connection between his employment and his alleged injuries. Because the medical conditions which the claimant alleged had resulted from the workplace incident were not readily observable, he was obliged to present expert medical evidence establishing that causal connection. E.g., Ackley v. General Parcel Service, 646 So.2d 242 (Fla. 1st DCA 1994) (determination of the cause of psychiatric illness is essentially a medical question, requiring expert medical evidence); Crest Products v. Louise, 593 So.2d 1075 (Fla. 1st DCA 1992) (because the claimant's pain in her low back and leg were not the result of any readily observable medical condition, the claimant was obliged to present expert medical evidence establishing a causal connection between her employment and the condition complained of); Peters v. Armellini Express Lines, 527 So.2d 266 (Fla. 1st DCA 1988) (soft tissue injuries are not readily observable and, therefore, expert medical evidence is necessary to establish a causal connection between the claimant's employment and such an injury). See also Closet Maid v. Sykes, 763 So.2d 377 (Fla. 1st DCA 2000) (en banc) (discussing when medical evidence is necessary to establish causation). The claimant having failed to present any medical evidence whatsoever, it was error for the judge of compensation claims to conclude that the claim was compensable. Accordingly, we reverse, and remand with directions that the claim be dismissed.
REVERSED and REMANDED, with directions.
ERVIN and WOLF, JJ., CONCUR.