ERVIN, J.
Terre Homier (claimant)' appeals a workers’ compensation order in which the judge of compensation claims (JCC) denied certain requested benefits. We summarily affirm the first two issues raised relating *1072 to the JCC’s finding of maximum medical improvement (MMI), and the denial of claimant’s request for temporary indemnity benefits, because both determinations are supported by competent, substantial evidence. As for the remaining issues, we agree with claimant that the JCC erred in finding that she had reached MMI with a zero-percent permanent impairment (PI) rating, and in denying her requests for authorization of a neurologist and pain-management specialist, and for penalties, interest, costs, and attorney’s fees. As a result, we reverse as to them and remand the case for further proceedings.
On July 9, 2003, claimant was involved in an industrial accident, and suffered injuries to her head, neck, and right hand. In finding that claimant had reached MMI with a zero-percent PI rating, the JCC relied on the opinion testimony of Dr. Antonio Rivera, a specialist in physical medicine and rehabilitation, who treated claimant for her cervical condition and right-hand pain. The JCC’s order recited that any impairment the claimant had suffered following the date of MMI “was pre-exist-ing in nature and not related to the industrial accident of July 9, 2003. Specifically, Dr. Rivera had [received from claimant] a history of low back pain in the past.” Although the JCC correctly found that claimant had a history of low-back pain, he incorrectly failed to take into account that claimant’s requests for compensation did not stem from low-back pain, but rather from her neck and hand injuries.
In deciding that claimant had suffered no PI as a result of her injuries, the JCC also rejected the opinion testimony of Dr. Stanley Kaplan, a chiropractic orthopedist, who opined that claimant had sustained an eight-percent PI rating, finding that Dr. Kaplan had “relied exclusively on the opinions and reports of unauthorized physicians in reaching his rating.” This finding is not supported by the record. Of the eight physicians who treated or examined claimant, only one, Dr. Christopher Pru-sinski, a neurologist, was unauthorized.
The JCC further found that Dr. Kap-lan’s impairment rating was fatally flawed, because claimant had given him an inaccurate and incomplete history, resulting in his having “a false predicate on which to base his opinions.” On the contrary, the only false or incomplete history which the JCC recited in his order was that claimant had failed to inform another physician, Dr. Robert Travan, a chiropractor, of prior, non-compensable injuries, in conflict with her deposition testimony reflecting that she had been treated in 2002 for a back condition stemming from a 1987 motor-vehicle accident. The JCC, however, failed to consider that Dr. Travan treated claimant for a cervical condition, not a low-back condition, and, consistent with the injuries she reported she had suffered in the work-related accident, Dr. Travan diagnosed her with a cervical herniated disk and cervical spine radiculopathy. In fact, based on an MRI, claimant was found to have sustained two injuries: (1) a central bulging disk at the C4-C5 level, and (2) a left C6-C7 herniated nucleus pulposus, both of which injuries, together with claimant’s cervical spine radiculopathy, translate, pursuant to the Florida Guides of Permanent Impairment, to a total PI rating of eight percent. Dr. Rivera did not disagree with this rating, but nonetheless adhered to his zero-percent PI rating, because he believed claimant had improved so much as a result of the injections he had administered that her symptoms should resolve. He admitted, however, that the symptoms might recur due to persistent arthritic conditions. Despite Dr. Rivera’s optimistic prognosis based on his examination of September 12, 2003, his medical notes reveal that claimant returned the following week with continuing neck pain, *1073 leading him to refer her to another physician for steroid epidural injections. This was claimant’s last visit with Dr. Rivera.
In relying on Dr. Rivera’s opinion that claimant had suffered no PI, which, in turn, was based on the speculative belief that claimant should fully recover, notwithstanding Dr. Rivera’s acknowledgment of the applicability of the Guides to claimant’s compensable injuries, the JCC failed to take into proper account the provisions of section 440.15(3)(b) and (c), Florida Statutes (2003), requiring the use of PI ratings that “must be based upon objective findings,” and that “[a]ll impairment income benefits shall be based on an impairment rating using the impairment schedule.” As this court noted in Paradise Fruit Co. v. Floyd, 425 So.2d 9, 10 (Fla. 1st DCA 1982), when the Guides cover a particular injury, they must generally be used. Because the Guides support Dr. Kaplan’s opinion that claimant had suffered an overall PI rating of eight-percent, and because the finding of a zero-percent PI rating, based upon Dr. Rivera’s conflicting opinion, is not grounded on competent, substantial evidence, the zero impairment rating must be reversed and the case remanded with directions that an impairment rating be imposed consistent with the Guides.
The JCC similarly erred in denying claimant’s request for a neurologist and pain-management specialist. The law is clear that once a claimant establishes a PI, he or she is entitled to ongoing palliative care for the condition. See Blight v. Commercial Carrier, 711 So.2d 215 (Fla. 1st DCA 1998); Ivey v. City of Sarasota, 533 So.2d 881 (Fla. 1st DCA 1988). In that the medical testimony and reports reflect that claimant has a continuing need for palliative care of her compensable neck injury, the JCC’s reasons for denying future medical care are unsupported by competent, substantial evidence. Because claimant has prevailed on two of her issues, the JCC’s denial of penalties, interest, costs and attorney’s fees must also be reversed, and the cause remanded for a determination of same.
AFFIRMED in part, REVERSED in part, and REMANDED.
ALLEN and POLSTON, JJ., concur.