IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RAFAEL ECHEVARRIA,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellant,

v.

CASE NO. 1D14-3540

LUXOR INVESTMENTS, LLC
AND ASSOCIATED
INDUSTRIES INSURANCE
COMPANY,

      Appellees.

_____/

Opinion filed March 18, 2015.

An appeal from an order of the Judge of Compensation Claims.
Charles M. Hill, III, Judge.

Date of Accident: April 14, 2007.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant.

Rayford H. Taylor of Casey Gilson, P.C., Atlanta, and Carol K. Shalaby of Quintairos, Prieto, Wood & Boyer, P.A., Fort Lauderdale, for Appellees.

THOMAS, J.

      In this workers' compensation case, Claimant appeals a ruling of the Judge of Compensation Claims (JCC) denying a follow-up appointment with his authorized neurologist for his compensable injuries. The JCC found that the Employer/Carrier

met its burden to prove that the compensable injuries are not the major contributing cause (MCC) of Claimant's need for the requested benefit. The JCC further found that "no further neurological treatment is medically necessary in this cause inasmuch as the industrial injuries no longer comprise the MCC for the requested follow-up."

We affirm. We write only to respond to Claimant's argument that as a matter of law his permanent impairment rating assigned for his compensable injuries entitle him to ongoing palliative treatment, even in the absence of any medical testimony establishing a need for treatment. Neither the relevant statutory provisions within chapter 440, nor our case law, establish such an entitlement in the absence of evidence of medical necessity for the treatment, defined in part as "appropriate to the patient's diagnosis" – the diagnosis being the compensable injury. See § 440.13(2)(a), Fla. Stat. (2006) (requiring employer to furnish medically necessary care); § 440.13(1)(*l*), Fla. Stat. (2006) (defining "medical necessity"). Our decision in Homler v. Family Auto Mart, 914 So. 2d 1071, 1073 (Fla. 1st DCA 2005), states: "The law is clear that once a claimant establishes a PI [permanent impairment], he or she is entitled to ongoing palliative care for the condition." But this court also recognized that evidence of medical necessity was present in that case, stating that "the medical testimony and reports reflect that claimant has a continuing need for palliative care of her compensable neck injury." Id. Here, there was no such evidence to establish that Claimant had a medical necessity for palliative treatment.

2

We acknowledge that some permanent injuries do not require ongoing active treatment but may require periodic doctor visits to ensure that the compensable injury is not worsening or in need of further evaluations or treatment. Nevertheless, here, because Claimant did not establish that either periodic visits or further evaluations by his authorized doctor are appropriate for his compensable workplace injury, we affirm the JCC's ruling. See Smith v. James Pirtle Constr. Co., 405 So. 2d 290, 291 (Fla. 1st DCA 1981) ("Claimant asserts that, as a consequence of having had a compensable permanent impairment, he has an absolute right to a physician's examination to determine if further medical care, either palliative or remedial, is necessary. We are referred to no such precedent and, absent any evidence from claimant or otherwise, we conclude the deputy correctly denied the motion.").

AFFIRMED.

LEWIS, C.J. and BENTON, J., CONCUR.