IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MBM
CORPORATION/SEDGWICK
CLAIMS MANAGEMENT
SERVICES, INC.,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED
CASE NO. 1D15-2398

      Appellants,

v.

ARCHER WILSON,

      Appellee.

_____/

Opinion filed February 10, 2016.

An appeal from an order of the Judge of Compensation Claims.
Neal P. Pitts, Judge.

Date of Accident: October 16, 2010.

Lamar D. Oxford and Michael A. Lowe of Dean, Ringers, Morgan & Lawton, P.A.,
Orlando, for Appellants.

Bill McCabe, Longwood, and Thomas A. Vaughan, Orlando, for Appellee.


PER CURIAM.

      In this workers' compensation appeal, the Employer/Carrier (E/C) argues that

the Judge of Compensation Claims (JCC) erred in finding Claimant entitled to

authorization for an evaluation of his cervical spine in order to obtain a diagnosis.

We agree the JCC utilized an incorrect legal standard in determining that Claimant was entitled to the requested diagnostic evaluation. Accordingly, we reverse the appealed order.

I.

Claimant was injured on October 16, 2010, when he fell backwards out of the truck he was unloading, landing on asphalt and striking his head and right shoulder. Only a right shoulder injury was diagnosed, and treatment was authorized by the E/C for that injury.

Four years later, Claimant filed a petition for benefits requesting a referral to a physician for evaluation of his head and neck pain. The E/C denied the request on grounds that any head or neck condition had not been accepted as compensable and that the compensable accident was not the major contributing cause of any head or neck condition.

In support of his claim, Claimant relied on the testimony of Dr. Macksoud, the physician authorized to provide treatment for his compensable shoulder condition. Dr. Macksoud testified it would be reasonable, assuming that Claimant's neck had been symptomatic since the date of the accident, for Claimant to have an evaluation to obtain a diagnosis for his neck condition. Dr. Macksoud was not questioned as to whether there was any possible causal relationship between Claimant's compensable shoulder injury and the cervical spine complaints.

2

The JCC accepted Dr. Macksoud's testimony, as well as that of Claimant that he had experienced some cervical spine symptoms since the date of the accident. The JCC concluded it was reasonable necessary, and appropriate, to refer Claimant to a physician for an evaluation of his cervical spine.

II.

A claimant bears the burden of proof to establish entitlement to benefits. See Fitzgerald v. Osceola Cty. Sch. Bd., 974 So. 2d 1161, 1164 (Fla. 1st DCA 2008). Further, a claimant has the burden to present expert medical evidence establishing a causal connection between the requested benefits and the compensable accident. See Wausau Ins. Co. v. Tillman, 765 So. 2d 123, 124 (Fla. 1st DCA 2000). Subsection 440.09(1), Florida Statutes (2010), provides:

> The employer must pay compensation or furnish benefits required by this chapter if the employee suffers an accidental compensable injury or death arising out of work performed in the course and scope of employment. The injury, its occupational cause, and any resulting manifestations or disability must be established to a reasonable degree of medical certainty, based on objective relevant medical findings, and the accidental compensable injury must be the major contributing cause of any resulting injuries. For purposes of this section, "major contributing cause" means the cause which is more than 50 percent responsible for the injury as compared to all other causes combined for which treatment or benefits are sought. . . . Pain or other subjective complaints alone, in the absence of objective relevant medical findings, are not compensable. For purposes of this section, "objective relevant medical findings" are those objective findings that correlate to the subjective complaints of the injured employee and are confirmed by physical examination findings or diagnostic testing. Establishment of the causal relationship between a compensable accident and injuries for conditions that are not readily observable must be by medical evidence

3

only, as demonstrated by physical examination findings or diagnostic testing. [MCC] must be demonstrated by medical evidence only. (emphasis added).

To the extent resolution of this appeal requires statutory interpretation, it is subject to *de novo* review. See Lombardi v. S. Wine & Spirits, 890 So. 2d 1128, 1129 (Fla. 1st DCA 2004). Whether the JCC utilized the correct legal standard is also reviewed *de novo*. See Banks v. Allegiant Sec., 122 So. 3d 983, 985 (Fla. 1st DCA 2013) ("Our review of an erroneous application of the law is de novo.").

### III.

Claimant failed to meet his burden of proof. In awarding benefits, the JCC erred by conflating Claimant's burden to prove entitlement to an investigation of the causal connection between voiced complaints and a previously accepted compensable condition, with Claimant's burden to prove the causal relationship between a condition and the workplace accident in the first instance.

There was no allegation or argument that the compensable shoulder injury may be the cause of the head and neck complaints. Rather, Claimant sought a diagnostic evaluation to determine whether a potential neck or head condition was related to the compensable workplace accident. The JCC's finding that Claimant had voiced complaints since the date of the accident could be relevant to support a medical expert's opinion that the head or neck condition is causally related to the accident, but there was no such opinion here – Dr. Macksoud testified only that it

4

would be reasonable to have an evaluation to diagnose a neck condition.* Claimant's subjective complaints, standing alone, however, will not meet the requirements of subsection 440.09(1) that he prove his injury and its occupational cause within a reasonable degree of medical certainty based on objective relevant medical findings.

IV.

Based on the foregoing, we REVERSE the order on appeal and REMAND for entry of an order denying the claimed evaluation.

ROWE, RAY, and SWANSON, JJ., CONCUR.

---

\* We note that Claimant did not, in the petition filed herein, request the JCC ascertain the compensability of any cervical or head condition, thus, this is a claim that is open for future litigation should Claimant secure an expert medical opinion relating a neck or head injury to the compensable accident.