# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3919

_____

PALM BEACH COUNTY SCHOOL
DISTRICT, and SEDGWICK CMS,
INC.,

    Appellants,

    v.

MERCIE JOSAPHAT,

    Appellee.

_____

On appeal from the Office of the Judges of Compensation Claims.
Barbara Case, Judge.

Date of Accident: January 26, 2021.

June 12, 2024

OSTERHAUS, C.J.

A door slammed and injured Appellee Mercie Josaphat's right hand and wrist at work in January 2021. The Employer/Carrier (E/C) accepted compensability for the injury and provided benefits for several months. Appellee's edema and sprain were treated with pain medication, physical therapy, and a modified work status. When, more than a year after the accident, Appellee sought additional treatment with orthopedic and primary care physicians for hand pain, the E/C declined to authorize it. The E/C believed, at that point, that Appellee's work injury no longer required

treatment. Appellee filed a petition for benefits seeking authorization for continued treatment, which a JCC granted. The E/C appealed that final compensation order. We now set aside the order because all the doctors—Appellee's treating doctor and two additional IME doctors—agreed that no further treatment related to Appellee's workplace accident was necessary.

*Analysis*

Where competent, substantial evidence supports a JCC's findings of fact, this court will uphold them. *Andrews v. McKim & Creed*, 355 So. 3d 957, 961 (Fla. 1st DCA 2023). Whereas questions of law are reviewed with a de novo standard of review. *City of Bartow v. Flores*, 301 So. 3d 1091, 1094 (Fla. 1st DCA 2020).

Section 440, Florida Statutes, requires that E/Cs furnish "medically necessary" treatment and care for employees injured "for such period as the nature of the injury or the process of recovery may require." § 440.13(2)(a), Fla. Stat. "Medical necessity" involves showing that a medical service "is appropriate to the patient's diagnosis and status of recovery." § 440.13(1)(k), Fla. Stat. Claimants have the burden of showing that requested medical benefits are medically necessary by use of medical evidence connecting the requested benefits and the compensable accident. § 440.09(1), Fla. Stat. (providing that "[t]he injury, its occupational cause, and any resulting manifestations or disability must be established to a reasonable degree of medical certainty, based on objective relevant medical findings, and the accidental compensable injury must be the major contributing cause of any resulting injuries"); *MBM Corp. v. Wilson*, 186 So. 3d 574, 576 (Fla. 1st DCA 2016) (requiring that claimants present expert medical evidence establishing a causal connection between the requested benefits and the compensable work accident).

Here, we vacate the order because Appellee didn't establish a causal connection between the benefits she sought and her workplace accident. Appellee filed her current petition for additional treatment more than a year after the accident. And testimony from the three doctors involved here agreed that Appellee reached maximum medical improvement (MMI) and didn't require additional medical treatment. Because the doctors

agreed that additional treatment wasn't necessary, and that Appellee's compensable injuries were not the major contributing cause of the need for additional treatment, Appellee's petition for additional treatment should have been denied. *See Echevarria v. Luxor Invs., LLC,* 159 So. 3d 991, 991–92 (Fla. 1st DCA 2015) (denying continued treatment where claimant had a permanent impairment rating but failed to prove any need for ongoing medical treatment).

In reaching this conclusion, we differ specifically with two conclusions reached in the final compensation order: that the 120-day rule prevented Appellants from contesting the provision of benefits, and that one medical opinion supported Appellee's claim for additional care. First, we draw an important distinction between an E/C's conceding compensability of a work accident versus accepting all subsequent claims for benefits. To be sure, an E/C cannot deny compensability of a work accident after the 120-day period in § 440.20(4), particularly where, as here, it has accepted the employee's injuries as compensable. *See, e.g., Churchill v. DBI Servs., LLC*, 361 So. 3d 896, 902 (Fla. 1st DCA 2019) (discussing same). This restriction doesn't preclude an E/C, however, from arguing that a work accident no longer remains the major contributing cause of a claimant's need for treatment or other benefits. *See Mathis v. Broward Cnty. Sch. Bd.*, 224 So. 3d 852, 855 (Fla. 1st DCA 2017) (recognizing that an E/C had waived its right to challenge compensability but "retained the right to challenge other issues relevant to Claimant's entitlement to benefits, including major contributing cause"). Such is the situation here, where the E/C contested Appellee's further need for treatment stemming from her compensable work accident.

Second, we acknowledge from medical forms in the record that one doctor's opinion appeared to change within a few months' time from Appellee-is-at-MMI to Appellee-is-*not*-at-MMI. But this doctor disavowed any change. The doctor had determined in June 2021 that Appellee reached MMI with a 0% impairment rating as of April 2021. Then, in September 2021, forms completed by the doctor indicated that Appellant hadn't reached MMI while having had no significant changes in her condition since April. In subsequent testimony, the doctor clarified what he reported (and the confusion injected due to non-accident-related degenerative

condition). More particularly, he reiterated his June 2021 view that Appellee had reached MMI and had 0% impairment rating from the accident, while acknowledging that non-accident-related, degenerative pain persisted in Appellee's hand. And so, the record medical evidence from this doctor, as with the other two doctors, failed to support the award of further treatment benefits related to Appellee's work accident.

For these reasons, we vacate the award of further treatment benefits granted in the Final Compensation Order, as well as the corresponding award of attorney's fees and costs. *See* § 440.34(3), Fla. Stat. (allowing prevailing claimants to recover fees and costs).

VACATED.

LEWIS and TANENBAUM, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Yunia DeMicco-Nadler, Boca Raton, and Samuel B. Spinner and Hinda Klein of Conroy Simberg, Hollywood, for Appellants.

Linette M. Waterman of Waterman Law, LLC, West Palm Beach, for Appellee.

4